**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE RAZON-SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; ALDWIN SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; EDLINE SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; GABRIELA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; and MIYA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar,<br><br>        Plaintiffs,<br><br>     v.<br><br>CITY OF MURRIETA; MARK KWIATKOWSKI; MICHAEL MULLIGAN; RONALD SMITH; PHILLIP STINNETT; JACOB FERNANDEZ; TRAVIS BAKER; and DOES 1 through 10, inclusive,<br><br>        Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No.  5:25-cv-3433<br><br>1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)<br>2. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)<br>3. Fourteenth Amendments, Interference with Familial Relationship (42 U.S.C. § 1983)<br>4. Municipal Liability, Unconstitutional Custom or Policy (42 U.S.C. § 1983)<br>5. Municipal Liability, Failure to Train (42 U.S.C. § 1983)<br>6. Municipal Liability, Ratification (42 U.S.C. § 1983)<br>7. Battery (Wrongful Death/Survival)<br>8. Negligence (Wrongful Death/Survival)<br>9. Negligent Infliction of Emotional Distress, Bystander<br>10. Violation of Bane Act (Cal. Civil Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW, Plaintiffs ANNE RAZON-SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; ALDWIN SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; EDLINE SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; GABRIELA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; and MIYA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar (collectively, "Plaintiffs"), for their Complaint against Defendants CITY OF MURRIETA, MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1 through 10, inclusive (collectively, "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1.       This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.       Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and because, on information and belief, all Defendants reside in this district.

## INTRODUCTION

3.       This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' husband and father, Edwin Salazar, on January 29, 2025.

4.       Plaintiffs allege that the death of Edwin Salazar was a result of Defendants' excessive use of deadly force, Defendants' failure to timely provide

1  reasonable medical care to Edwin Salazar despite his serious medical condition after
2  being shot, Defendants' deliberate indifference to Edwin Salazar's Constitutional
3  rights, and Defendants' negligence.

4      5.     The policies and customs behind shootings of civilians such as Edwin
5  Salazar, and the failure to de-escalate the interaction and employ less-lethal weapons
6  are fundamentally unconstitutional and have violated the civil rights of residents of
7  the CITY, such as Plaintiffs and Edwin Salazar. Accordingly, Plaintiffs herein seek
8  by means of this civil rights action to hold accountable those responsible for the death
9  of Edwin Salazar, and to challenge the unconstitutional policies and practices of the
10 CITY.

11                                  **PARTIES**

12      6.     At all relevant times, Edwin Salazar was an individual residing in the
13 City of Murrieta, California.

14      7.     Plaintiff ANNE RAZON-SALAZAR is an individual residing in the city
15 of Murrieta, California, and is the wife of Edwin Salazar. ANNE RAZON-
16 SALAZAR sues in her individual capacity as the wife of Edwin Salazar and a
17 representative capacity as successor-in-interest to Edwin Salazar pursuant to
18 California Code of Civil Procedure §377.60. ANNE RAZON-SALAZAR seeks both
19 survival and wrongful death damages under federal and state law.

20      8.     Plaintiff ALDWIN SALAZAR is an individual residing in the city of
21 Murrieta, California and is the natural son of Edwin Salazar. ALDWIN SALAZAR
22 sues in his individual capacity as the son of Edwin Salazar and a representative
23 capacity as successor-in-interest to Edwin Salazar pursuant to California Code of
24 Civil Procedure §377.60. ALDWIN SALAZAR seeks both survival and wrongful
25 death damages under federal and state law.

26      9.     Plaintiff EDLINE SALAZAR is an individual residing in the city of
27 Murrieta, California and is the natural daughter of Edwin Salazar. EDLINE
28 SALAZAR sues in her individual capacity as the daughter of Edwin Salazar and a

**COMPLAINT FOR DAMAGES**

representative capacity as a successor-in-interest to Edwin Salazar pursuant to California Code of Civil Procedure §377.60. EDLINE SALAZAR seeks both survival and wrongful death damages under federal and state law.

10.  Plaintiff GABRIELA SALAZAR is an individual residing in the city of Murrieta, California and is the natural daughter of Edwin Salazar. GABRIELA SALAZAR sues in her individual capacity as the daughter of Edwin Salazar and a representative capacity as successor-in-interest to Edwin Salazar pursuant to California Code of Civil Procedure §377.60. GABRIELA SALAZAR seeks both survival and wrongful death damages under federal and state law.

11.  Plaintiff MIYA SALAZAR is an individual residing in the city of Murrieta, California and is the natural daughter of Edwin Salazar. MIYA SALAZAR sues in her individual capacity as the daughter of Edwin Salazar and a representative capacity as successor-in-interest to Edwin Salazar pursuant to California Code of Civil Procedure §377.60. MIYA SALAZAR seeks both survival and wrongful death damages under federal and state law.

12.  At all relevant times, Defendant CITY OF MURRIETA ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Murrieta Police Department ("MPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CITY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of some or all of Defendants MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNET, and DOES 1-10 ("DEFENDANT OFFICERS").

13.  Defendant MARK KWIATKOWSKI is a police officer for the CITY's

Police Department. At all relevant times, MARK KIWATKOWSKI was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

14.    Defendant MICHAEL MULLIGAN is a police officer for the CITY's Police Department. At all relevant times, MICHAEL MULLIGAN was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

15.    Defendant RONALD SMITH is a police officer for the CITY's Police Department. At all relevant times, RONALD SMITH was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

16.    Defendant PHILLIP STINNETT is a police officer for the CITY's Police Department. At all relevant times, PHILLIP STINNETT was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

17.    Defendants DOES 1-5 are police officers for the CITY's Police Department ("DOE OFFICERS").  At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the Murrieta Police Department; and were acting with the complete authority and ratification of their principal, Defendant CITY.

18.    Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees for the CITY's Police Department, who at all relevant times were acting under color of law within the course and scope of their duties as managerial, supervisoria, and policymaking employees for the MPD. DOES 6-10 were acting

with the complete authority and ratification of their principal, Defendant CITY.

19.     On information and belief, KWIATKOWSKI, MULLIGAN, SMITH, STINNETT, and DOES 1-5 ("DEFENDANT OFFICERS") were residents of the City of Murrieta, California at all relevant times.

20.     In doing the acts, failings, and/or omissions as hereinafter described, DEFENDANT OFFICERS were acting on the implied and actual permission and consent of DOES 6-10 and the Defendant CITY.

21.     The true names and capacities, whether individual, corporate, association or otherwise of Defendant DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this compliant to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictiously named Defendants is responsible in some manner for the conduct or liabilities alleged herin.

22.     Defendants KWIATKOWSKI, MULLIGAN, SMITH, STINNETT, and DOES 1-10 are sued in their individual capacities.

23.     At all times mentioned herein, each and every Defenadant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

24.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained herein.

25.     On or around July 21, 2025, Plaintiffs filed comprehensive and timely claims for damages with the City of Murrieta pursuant to the applicable sections of the California Government Code. The City of Murrieta received Plaintiffs claims on July 24, 2025. Said claim was denied by operation of law pursuant to the California Government Code § 912.4.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

26.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

27.    On or about January 30, 2025, DEFENDANT OFFICERS responded to a call at or near 36152 Creighton Ave in the City of Murrieta, California.

28.    Thereafter, DEFENDANT OFFICERS escalated the situation when they breached the door to the apartment of Edwin Salazar, Anne Razon-Salazar, and Miya Salazar, and immediately pointed their firearms at Edwin Salazar. Plaintiffs ANNE RAZON-SALAZAR and MIYA SALAZAR were in the home with Edwin Salazar.

29.    Within moments of entering the apartment, Defendants KWIATKOWSKI and MULLIGAN intentionally discharged their firearms at Edwin Salazar, striking and killing him.

30.    On information and belief, at the time of the shooting, Edwin Salazar posed no immediate threat of death or serious physical injury to DEFENDANT OFFICERS, or any other person.

31.    On information and belief, at the time of the shooting, Edwin Salazar had made no aggressive movements, had not aimed any weapon toward DEFENDANT OFFICERS or any other person, had not moved toward DEFENDANT OFFICERS in any manner, and did not make any furtive movements that would suggest to a reasonable officer that Edwin Salazar was attempting or intending to inflict harm to DEFENDANT OFFICERS or anyone else.

32.    At no time during the encounter did Edwin Salazar verbally threaten to harm anyone.

33.    On information and belief, at the time of the shooting, DEFENDANT OFFICERS had no information that Edwin Salazar had committed any crime, had any criminal history, or had ever physically harmed anyone.

34.    Prior to the shooting, DEFENDANT OFFICERS did not issue

1 appropriate commands to Edwin Salazar.

2    35.    Edwin Salazar was standing inside of his home and did not pose an
3 immediate threat to anyone at the time KWIATKOWSKI and MULLIGAN shot and
4 killed him. On information and belief, DEFENDANT OFFICERS had alternate
5 means of neutralizing and/or effectuating the seizure of Edwin Salazar available,
6 including through any of a variety of readily available less-than-lethal means or
7 strategies. The force used by the Defendants KIWATKOWSKI and MULLIGAN,
8 was unnecessary, excessive, and unreasonable under the totality of the circumstances.

9    36.    KIWATKOWSKI and MULLIGAN shot Edwin Salazar even though he
10 was not an immediate threat of death or serious bodily injury to them or anyone else
11 and there were other less lethal options available. KIWATKOWSKI and
12 MULLIGAN did not show a reverance for human life, and this was not an immediate
13 defense of life situation.

14    37.    Based on information and belief, after KIWATKOWSKI and
15 MULLIGAN discharged their firearms and DEFENDANT OFFICERS became aware
16 of Edwin Salazar's deteriorating physical condition, Defendants waited several
17 minutes before summoning paramedics to render medical care, and further delayed
18 paramedics' access to Edwin Salazar upon arrival.

19    38.    Edwin Salazar died as a result of his injuries caused by DEFENDANT
20 OFFICERS.

21    39.    Plaintiffs ANNE RAZON-SALAZAR, ALDWIN SALAZAR, EDLINE
22 SALAZAR, GABRIELA SALAZAR, and MIYA SALAZAR are Edwin Salazar's
23 successors in interest as defined in Section 377.11 of the Califoria Code of Civil
24 Procedure and succeed to Edwin Salazar's interest in this action as the wife and
25 natural children of Edwin Salazar.

26 //
27 //
28 //

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

(All Plaintiffs against Defendants MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1-5)

40.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41.     The unreasonable use of force by Defendants KIWATKOWSKI and MULLIGAN deprived Edwin Salazar of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Edwin Salazar under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.     As a result, Edwin Salazar suffered extreme pain and suffering and eventually suffered a loss of life.

43.     As a result of the conduct of DEFENDANT OFFICERS, they are liable for Edwin Salazar's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

44.     This use of deadly force was excessive and unreasonable under the circumstances, as Edwin Salazar did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting. Defendants' actions thus deprived Edwin Salazar of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

45.     The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Edwin Salazar and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

46.     Plaintiffs bring this claim as successors-in-interest to Edwin Salazar and seek both survival damages, including pain and suffering and loss of life, for the

violation of Edwin Salazar's rights. Plaintiffs also seek attorney's fees, costs, and punitive damages under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment - Denial of Medical Care (42 U.S.C. § 1983)

(All Plaintiffs against Defendants MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1-5)

47.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

48.     The denial of medical care by DEFENDANT OFFICERS deprived Edwin Salazar of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Edwin Salazar under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.     As a result, Edwin Salazar suffered extreme mental and physical pain and eventually suffered a loss of life and earning capacity.

50.     DEFENDANT OFFICERS knew that failure to provide timely medical treatment to Edwin Salazar could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Edwin Salazar's death.

51.     The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Edwin Salazar and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

52.     Plaintiffs bring this claim as successors-in-interest to Edwin Salazar and seek both survival damages, including pain and suffering and loss of life, for the violation of Edwin Salazar's rights. Plaintiffs also seek attorney's fees, costs, and punitive damages under this claim.

## **THIRD CLAIM FOR RELIEF**

### **Fourteenth Amendment – Interference with Familial Relationship**

### **(42 U.S.C. § 1983)**

(All Plaintiffs against Defendants MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1-5)

53.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54.    ANNE RAZON-SALAZAR, ALDWIN SALAZAR, EDLINE SALAZAR, GABRIELA SALAZAR, and MIYA SALAZAR had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with their husband and father, Edwin Salazar.

55.    As a result of the excessive force by DEFENDANT OFFICERS, Edwin Salazar died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with Edwin Salazar.

56.    The aforementioned actions of DEFENDANT OFFICERS, along with any undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of the Edwin Salazar and Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

57.    DEFENDANT OFFICERS, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted inferference with their familial relationship and right of association with Edwin Salazar.

58.    DEFENDANT OFFICERS, acting under color of state law, thus violated the Fourteenth Amendment rights of Edwin Salazar and Plaintiffs.

59.     As a direct and proximate cause of the actions of DEFENDANT OFFICERS, Plaintiffs have suffered emotionally and have been deprived of the life-long love, companishionship, comfort, support, society, care, and sustenance of Edwin Salazar, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

60.     As a result of the conduct of DEFENDANT OFFICERS, they are liable for Edwin Salazar's injuries either because they were integral participants in the use of excessive force or because they failed to prevent these violations.

61.     The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Edwin Salazar and for the rights of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

62.     Plaintiffs bring this claim individually and seek wrongful death damages under this claim for the interference with Plaintiffs' familial relationship and right of association with Edwin Salazar. Plaintiffs also seek attorney's fees, costs, and punitive damages under this claim.

**FOURTH CLAIM FOR RELIEF**

**Muncipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(All Plaintiffs against Defendant CITY and DOES 6-10)

63.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

64.     On information and belief, Defendants CITY and DOES 6-10 made a formal decision that the shooting of Edwin Salazar was found to be "within policy" of the CITY's Police Department protocols, notwithstanding that Edwin Salazar was not an imminent threat to DEFENDANT OFFICERS or any other person when he

1  was shot by KWIATKOWSKI and MULLIGAN. This manifests a deliberate
2  indifference to the civil rights of the residents of the CITY.

3       65.     On information and belief, Defendants CITY and DOES 6-10  ratified,
4  acquiesced, and condoned the shooting of Edwin Salazar by KIWATKOWSKI and
5  MULLIGAN.

6       66.     On information and belief, DEFENDANT OFFICERS, were not
7  disciplined, and were not given additional training, after the shooting of Edwin
8  Salazar, which evidences ratification and acquiescence in the shooting of Edwin
9  Salazar by KIWATKOWSKI and MULLIGAN.

10      67.     On and for some time prior to January 29, 2025, and continuing to the
11  present date, Defendants CITY and DOES 6-10 deprived Edwin Salazar and
12  Plaintiffs of the rights and liberties secured to them by the Fourth and Fourteenth
13  Amendments to the United States Constitution because said Defendants and its
14  supervising and managerial employees acted with gross negligence and with reckless
15  and deliberate indifference to the rights and liberties of the public in general, and of
16  Plaintiffs and Edwin Salazar, and of persons in their class, situation and comparable
17  position in particularly, knowingly maintained, enforced, and applied an official
18  recognized custom, policy, and practice of:

19          a.    Employing and retaining as police officers and other personnel,
20                including DEFENDANT OFFICERS, whom Defendant CITY at
21                all times material herein knew or reasonably should have known
22                had dangerous propensities of abusing their authority and for
23                mistreating citizens by failing to follow written CITY Police
24                Department policies.
25          b.    Inadequately supervising, training, controlling, assigning, and
26                disciplining CITY's police officers, and other personnel, who
27                Defendant CITY knew or in the exercise of reasonable care

28

1    should have known had the aforementioned propensities and
2    character traits.

3    c.    Failing to adequately train officers, including DEFENDANT
4    OFFICERS, and failing to institute appropriate policies regarding
5    the use of excessive force, including deadly force;

6    d.    Having and maintaining an unconstitutional policy, custom, and
7    practice of using excessive force, including deadly force, which is
8    also demonstrated by inadequate training regarding these
9    subjects;

10    e.    Maintaining grossly inadequate procedures for reporting,
11    supervising, investigating, reviewing, and disciplining the
12    intentional misconduct of Defendant CITY police officers, such
13    as DEFENDANT OFFICERS;

14    f.    Failing to discipline CITY police officers, such as DEFENDANT
15    OFFICERS, for conduct such as unlawful detention and excessive
16    use of deadly force;

17    g.    Ratifying the misconduct of Defendant CITY police officers, such
18    as DEFENDANT OFFICERS, for conduct such as excessive use
19    of deadly force;

20    h.    Failing to properly investigate incidents of excessive use of
21    deadly force by Defendant CITY police officers, such as
22    DEFENDANT OFFICERS; and,

23    79.    On information and belief, it is the policy, custom, and practice of
24    Defendant CITY to not objectively investigate complaints of previous incidents of
25    wrongful shootings, excessive use of deadly force, and illegal arrests, and instead, to
26    officially claim that such incidents are justified and proper.

27    80.    The policies, customs, and practices of Defendant CITY do in fact
28    encourage CITY police officers such as DEFENDANT OFFICERS, to believe that

1    wrongful shootings, excessive use of deadly force against residents, and illegal

2    arrests are permissible and will be permitted by Defendant CITY. DEFENDANT

3    OFFICERS were aware of the policies, customs, and practices of Defendants CITY

4    and DEFENDANT OFFICERS used excessive deadly force against Edwin Salazar.

5    These policies and customs of the CITY were the driving force that caused

6    KIWATKOWSKI and MULLIGAN to shoot Edwin Salazar.

7         81.    Other systemic deficiencies, policies, customs, and practices which

8    indicated, and continue to indicate, a deliberate indifference to the violations of the

9    civil rights by the CITY police officers, such as DEFENDANT OFFICERS, that

10   Defendants CITY and DOES 6-10 were aware of, and has condoned and ratified

11   include:

12              a.    Preparation of investigative reports designed to vindicate the use

13                    of excessive use of force, regardless of whether such force was

14                    justified;

15              b.    Preparation of investigative reports which uncritically rely solely

16                    on the word of police officers involved in the assault, battery,

17                    excessive use of force incidents and which systematically fail to

18                    credit testimony by non-police witnesses;

19              c.    Issuance of public statements exonerating officers involved in

20                    such incidents prior to the completion of investigations of the

21                    excessive use of force;

22              d.    Failure to objectively and independently review investigative

23                    reports by responsible superior officers for accuracy or

24                    completeness and acceptance of conclusions which are

25                    unwarranted by the evidence of the wrongful shooting, assault,

26                    excessive use of deadly force, or which contradict such evidence.

27

28

**COMPLAINT FOR DAMAGES**

82.     By reason of the aforementioned policies and practices of Defendants CITY and DOES 6-10, Edwin Salazar was severely injured and subjected to pain and suffering and lost his life.

83.     Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, CITY and DOES 6-10 condoned, tolerated and through actions and inactions thereby ratified such policies. CITY and DOES 6-10 also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Edwin Salazar, and other individuals similarly situated.

84.     By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 6-10 acted with an intentional, reckless, and callous disregard for the rights and the life of Edwin Salazar, and the constitutional rights of Edwin Salazar and Plaintiffs.

85.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were significantly influential forces behind the injuries of Edwin Salazar and Plaintiffs.

86.     By reason of the aforementioned acts and omissions of Defendants CITY and DOES 6-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support of Edwin Salazar.

87.     Accordingly, Defendant CITY and DOES 6-10 are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

88.      Plaintiffs bring this claim individually and as successors in interest to Edwin Salazar and seek both survival and wrongful death damages under this claim. Plaintiffs are also claiming funeral expenses and loss of financial support. Plaintiffs also seek statutory attorney fees and costs under this claim.

1

## **FIFTH CLAIM FOR RELIEF**

2

### **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

3

(All Plaintiffs Against Defendants CITY and DOES 6-10)

4       89.     Plaintiffs repeat and reallege each and every allegation in the foregoing

5  paragraphs of this Complaint with the same force and effect as if fully set forth

6  herein.

7       90.     DEFENDANT OFFICERS acted under color of law. The acts of said

8  Defendants deprived Edwin Salazar and Plaintiffs of their particular rights under the

9  United States Constitution.

10      91.     The training policies of Defendant CITY were not adequate to train its

11  police officers to handle the usual and recurring situations with which they must

12  deal.

13      92.     Defendants CITY and DOES 6-10 were deliberately indifferent to the

14  obvious consequences of its failure to train its officers adequately.

15      93.     The negligent and unjustified use of force by the said DEFENDANT

16  OFFICERS was a result of the negligent training by Defendants CITY and DOES 6-

17  10, who failed to train CITY officers as to proper police tactics, proper use of force,

18  proper use of deadly force, and proper detention and arrest procedures. CITY and

19  DOES 6-10 were responsible for the training of CITY officers to ensure that the

20  actions, procedures, and practices of said Defendants complied with Peace Officer

21  Standards and Training (POST) training standards regarding proper police tactics,

22  and proper use of deadly force.

23      94.     CITY and DOES 6-10 negligently failed to train CITY officers to

24  comply with POST training standards regarding proper police tactics, proper use of

25  force, proper use of deadly force, and proper detention and arrest procedures. POST

26  was established by the California Legislature in 1959 to set minimum training

27  standards for California police officers. The training policies of CITY were not

28

**COMPLAINT FOR DAMAGES**

1  adequate to train its police officers to handle the usual and recurring situations with

2  residents that said Defendants have contact with.

3      95.    The training policies of the CITY were deficient in the following ways:

4          a.    The CITY failed to properly train CITY police officers, such as

5              DEFENDANT OFFICERS, so that officers do not escalate their

6              interactions with members of the public and do not overreact

7              and resort to use of deadly force when the use of force was not

8              necessary.

9          b.    The CITY failed to properly train CITY police officers, such as

10             DEFENDANT OFFICERS, in proper police tactics, such as

11             situational awareness so that police officers do not utilize

12             negligent tactics. Because of this lack of proper training by the

13             CITY, the DEFENDANT OFFICERS did not use proper police

14             tactics in handling of the contact with Edwin Salazar, and

15             instead used defective police tactics, including the lack of a

16             situational awareness by the said Defendants. These defective

17             tactics resulted in the death of Edwin Salazar.

18         c.    The CITY failed to properly train CITY police officers, such as

19             DEFENDANT OFFICERS, in the use of effective

20             communication prior to using force. Because of the lack of

21             proper training by the CITY, said Defendants did not use

22             effective communication prior to and during the use of force

23             against Edwin Salazar. The ineffective communication of

24             information by said Defendants prior to, and during the

25             incident, resulted in the death of Edwin Salazar.

26     96.    The failure of Defendants CITY and DOES 6-10 to provide adequate

27 training caused the deprivation of Edwin Salazar's and Plaintiffs' rights by said

28 Defendants; that is, Defendants CITY and DOES 6-10's failure to train is so closely

1    related to the deprivation of the Edwin Salazar's and Plaintiffs' rights as to be the

2    moving force that caused the ultimate injury.

3          97.    By reason of the aforementioned acts and omissions, Edwin Salazar was

4    severely injured and subjected to pain and suffering and lost his life.

5          98.    By reason of the aforementioned acts and omissions of Defendants,

6    Plaintiffs were caused to incur funeral and related burial expenses, and loss of

7    financial support.

8          99.    By reason of the aforementioned acts and omissions, the Plaintiffs have

9    suffered loss of the love, companionship, affection, comfort, care, society, training,

10   guidance, and moral support of Edwin Salazar.

11         100.   Accordingly, Defendant CITY and DOES 6-10 are liable to Plaintiffs

12   for compensatory damages under 42 U.S.C. § 1983.

13         101.   Plaintiffs bring this claim individually and as successors-in-interest to

14   Edwin Salazar and seek both survival and wrongful death damages under this claim.

15   Plaintiffs also seek statutory attorney fees and costs under this claim.

16

17                 **SIXTH CLAIM FOR RELIEF**

18      **Municipal Liability – Ratification (42 U.S.C. § 1983)**

19        (All Plaintiffs Against Defendants CITY and DOES 6-10)

20         102.   Plaintiffs repeat and reallege each and every allegation in the foregoing

21   paragraphs of this Complaint with the same force and effect as if fully set forth

22   herein.

23         103.   DEFENDANT OFFICERS acted under color of law.

24         104.   The acts of DEFENDANT OFFICERS deprived Edwin Salazar and

25   Plaintiffs of their particular rights under the United States Constitution.

26         105.   On information and belief, a final policymaker, acting under color of

27   law, who had final policymaking authority concerning the acts of DEFENDANT

28   OFFICERS, ratified DEFENDANT OFFICERS' acts and the bases for them. The

final policymaker knew of and specifically approved of DEFENDANT OFFICERS' acts.

106.   On information and belief, a final policymaker has determined that the acts of DEFENDANT OFFICERS were "within policy."

107.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered the loss of love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Edwin Salazar. The aforementioned acts and omissions also caused Edwin Salazar's pain and suffering, loss of enjoyment of life, and death.

108.   Accordingly, Defendants CITY and DOES 6-10 are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

109.   Plaintiffs bring this claim individually and as successors-in-interest to Edwin Salazar and seek both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim. Plaintiffs are also claiming funeral expenses and loss of financial support. Plaintiffs also seek attorney's fees and costs under this claim.

**SEVENTH CLAIM FOR RELIEF**

**Battery (Cal. Govt. Code § 820 and California Common Law)**

**(Wrongful Death/Survival)**

(All Plaintiffs Against Defendants KWIATKOWSKI, MULLIGAN, CITY, and DOES 6-10)

110.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

111.   Defendants KWIATKOWSKI and MULLIGAN, while working as a police officers for the CITY Police Department and acting within the course and

scope of their duties, intentionally shot Edwin Salazar. Defendants KIWATKOWSKI and MULLIGAN had no legal justification for using deadly force against Salazar and said Defendants' use of force while carrying out their police officer duties was an unreasonable use of force, especially since Edwin Salazar was not an imminent threat to DEFENDANT OFFICERS or anyone else. The use of deadly force was also unreasonable because there were less intrusive options readily available.

112.   As a result of the actions of KWIATKOWSKI and MULLIGAN, Edwin Salazar suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries and lost learning capacity.

113.   CITY is vicariously liable for the wrongful acts of KWIATKOWSKI and MULLIGAN pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

114.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

115.   The conduct of KWIATKOWSKI and MULLIGAN was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and Edwin Salazar, entitling Plaintiffs, individually and/or as successor-in-interest to Edwin Salazar, to an award of exemplary and punitive damages. Plaintiffs are also claiming funeral expenses and loss of financial support.

116.   Plaintiffs bring this claim individually and as successors-in-interest to Edwin Salazar and seek both survival damages, including for pre-death pain and suffering, and wrongful death damages under this claim.

//

//

//

//

**COMPLAINT FOR DAMAGES**

## **EIGHTH CLAIM FOR RELIEF**

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

**(Wrongful Death/Survival)**

(All Plaintiffs Against All Defendants)

117.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

118.    The actions and inactions of Defendants were negligent, including but not limited to:

      a.    The failure to properly and adequately train employees including DEFENDANT OFFICERS with regard to the use of force, including deadly force;

      b.    The failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against Edwin Salazar;

      c.    The negligent tactics and handling of the situation with Edwin Salazar, including pre-shooting negligence;

      d.    The negligent detention, arrest, and use of force, including deadly force, against Edwin Salazar;

      e.    The negligent failure to provide and or summon prompt medical care to Edwin Salazar;

      f.    The failure to give a verbal warning or appropriate commands prior to shooting;

      g.    And failure to properly train and supervise employees, including DEFENDANT OFFICERS.

119.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Edwin Salazar suffered extreme mental and physical pain and suffering and ultimately died and lost earning capacity.

Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Edwin Salazar, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

120.   CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

121.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

122.   Plaintiffs bring this claim individually and as successors-in-interest to Edwin Salazar and seek both survival damages, including for pre-death pain and suffering, and wrongful death damages under this claim.

## NINTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### (Cal. Govt. Code § 820 and California Common Law)

(Plaintiffs ANNE RAZON-SALAZAR and MIYA SALAZAR Against All Defendants)

123.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

124.    DEFENDANT OFFICERS' negligence caused physical injury and death to Edwin Salazar when DEFENDANT OFFICERS negligently handled the encounter with Edwin Salazar, including negligent pre-force conduct and tactics, and

1 | KWIATKOWSKI and MULLIGAN negligently discharged their firearms at Edwin

2 | Salazar, striking Edwin Salazar and eventually killing him.

3 |     125.   ANNE RAZON-SALAZAR and MIYA SALAZAR were present at the

4 | scene when DEFENDANT OFFICERS encountered Edwin Salazar and

5 | KIWATKOWSKI and MULLIGAN fatally discharged their firearms at Edwin

6 | Salazar and ANNE RAZON-SALAZAR and MIYA SALAZAR were then aware

7 | that Edwin Salazar was being injured.

8 |     126.    As a result of being present at the scene and perceiving their husband

9 | and father, Edwin Salazar, being fatally shot by DEFENDANT OFFICERS, ANNE

10 | RAZON-SALAZAR and MIYA SALAZAR suffered serious emotional distress,

11 | including but not limited to suffering anguish, fright, horror, nervousness, grief,

12 | anxiety, worry, shock, humiliation, and shame.

13 |     127.   On information and belief, an ordinary reasonable person would be

14 | unable to cope with witnessing their husband or father being fatally shot by the

15 | police.

16 |     128.   CITY is vicariously liable for the wrongful acts of DEFENDANT

17 | OFFICERS pursuant to section 815.2(a) of the California Government Code, which

18 | provides that a public entity is liable for the injuries caused by its employees within

19 | the scope of the employment if the employee's act would subject him or her to

20 | liability.

21 |     129.   Defendants DOES 6-10 are vicariously liable under California law and

22 | the doctrine of *respondeat superior*.

23 |     130.   Plaintiffs ANNE RAZON-SALAZAR and MIYA SALAZAR bring this

24 | claim individually and seek compensatory damages under this claim.

25 | //

26 | //

27 | //

28 | //

1

2

3

**TENTH CLAIM FOR RELIEF**

**Violation of Bane Act (Cal. Civil Code § 52.1)**

(All Plaintiffs Against All Defendants)

4    131.   Plaintiffs repeat and reallege each and every allegation in the foregoing

5  paragraphs of this Complaint with the same force and effect as if fully set forth

6  herein.

7    132.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person

8  from interfering with another person's exercise or enjoyment of his constitutional

9  rights by threats, intimidation, or coercion (including by the use of unconstitutionally

10  excessive force).

11    133.   Any individual whose exercise or enjoyment of rights secured by the

12  Constitution or laws of this state, has been interfered with, as described in

13  subdivision (a), may institute and prosecute in his name and on his own behalf a civil

14  action for damages, including but not limited to, damages under Section 52,

15  injunctive relief, and other appropriate equitable relief to protect the peaceable

16  exercise or enjoyment of the rights secured, including appropriate equitable and

17  declaratory relief to eliminate a pattern or practice of conduct as described in

18  subdivision (a).

19    134.   The Bane Act, the California Constitution and California common law

20  prohibit the use of excessive force, wrongful detention and arrest, and denial of

21  medical care by law enforcement. California Civil Code, Section 52.1(b) authorizes a

22  private right of action and permits survival actions for such claims. DEFENDANT

23  OFFICERS violated Edwin Salazar's constitutional rights by wrongfully using

24  excessive force against him, and denying him medical care, all of which acts were

25  done intentionally and with a reckless disregard for Edwin Salazar's constitutional

26  rights.

27    135.   DEFENDANT OFFICERS' use of deadly force was excessive and

28  unreasonable under the circumstances. Further, the involved officers did not give a

verbal warning or any commands prior to fatally shooting Edwin Salazar, despite being feasible to do so. The conduct of DEFENDANT OFFICERS was a substantial factor in causing the harm, losses, injuries, and damages of Edwin Salazar and Plaintiffs.

136.   DEFENDANT OFFICERS intentionally violated Edwin Salazar's constitutional rights by using excessive deadly force against Edwin Salazar, including but not limited to, shooting Edwin Salazar without warning. Further, these acts by DEFENDANT OFFICERS demonstrate that they had a reckless disregard for Edwin Salazar's constitutional rights.

137.   At the time of the shooting Edwin Salazar did not pose an immediate threat of death or serious bodily injury. On information and belief, DEFENDANT OFFICERS intentionally violated Edwin Salazar's rights by unlawfully and fatally shooting him.

138.   DEFENDANT OFFICERS, while working as police officers for the CITY Police Department, and acting within the course and cope of their duties, interfered with or attempted to interfere with the rights of Edwin Salazar to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercsion, or intimidation.

139.   Edwin Salazar was caused to suffer extreme mental and physical pain and suffering and ultimately died and lost earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Edwin Salazar, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also claim funeral and burial expenses and loss of financial support.

140.   The conduct of DEFENDANT OFFICERS was a substantial factor in causing the harm, losses, injuries and damages of Edwin Salazar and Plaintiffs.

**COMPLAINT FOR DAMAGES**

141.   Defendant CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

142.   The conduct of DEFENDANT OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Edwin Salazar entitling Plaintiffs to an award of exemplary and punitive damages.

143.   Plaintiffs bring this claim individually and as successors-in-interest to Edwin Salazar and seek compensatory and survival damages, including for his emotional distress, pre-death pain and suffering, loss of life and loss of enjoyment of life under this claim. Plaintiffs also seek treble damages, punitive damages, costs and attorney fees under this claim.

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ANNE RAZON-SALAZAR, ALDWIN SALAZAR, EDLINE SALAZAR, GABRIELA SALAZAR, and MIYA SALAZAR requests entry of judgment in their favor and against Defendants CITY OF MURRIETA, MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 10, inclusive, as follows:

A.  For compensatory damages, including both survival and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.  For other general damages in an amount according to proof at trial;

C.  For other non-economic damages in an amount according to proof at trial;

D.  For other special damages in an amount according to proof at trial;

E.  For punitive damages against the individual defendants in an amount to be proven at trial;

F.  Attorney's fees pursuant to 42 U.S.C. § 1988;

G.  Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h)

H.  For interest;

I.  For reasonable costs of this suit; and

J.  For such further other relief as the Court may deem just, proper, and appropriate.

DATED: December 17, 2025          LAW OFFICES OF DALE K. GALIPO


By_____/s/ Dale K. Galipo_____
      Dale K. Galipo
      Hang D. Le
      Attorneys for Plaintiffs

**COMPLAINT FOR DAMAGES**

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiffs named herein hereby demand a trial by jury.

DATED: December 17, 2025          LAW OFFICES OF DALE K. GALIPO

By _____*/s/ Dale K. Galipo*_____
                   Dale K. Galipo
                   Hang D. Le
                   Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**