**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE RAZON-SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; ALDWIN SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; EDLINE SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; GABRIELA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; and MIYA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar,<br><br>        Plaintiffs,<br><br>     v.<br><br>CITY OF MURRIETA; MARK KWIATKOWSKI; MICHAEL MULLIGAN; RONALD SMITH; PHILLIP STINNETT; JACOB FERNANDEZ; TRAVIS BAKER; and DOES 1 through 10, inclusive,<br><br>        Defendants. | **FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Case No. 5:25-cv-03433-AH-SK<br><br>1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)<br>2. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)<br>3. Fourteenth Amendments, Interference with Familial Relationship (42 U.S.C. § 1983)<br>4. Municipal Liability, Failure to Train (42 U.S.C. § 1983)<br>5. Battery (Wrongful Death/Survival)<br>6. Negligence (Wrongful Death/Survival)<br>7. Negligent Infliction of Emotional Distress, Bystander<br>8. Violation of Bane Act (Cal. Civil Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs ANNE RAZON-SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; ALDWIN SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; EDLINE SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; GABRIELA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; and MIYA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar (collectively, "Plaintiffs"), for their Complaint against Defendants CITY OF MURRIETA, MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1 through 10, inclusive (collectively, "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and because, on information and belief, all Defendants reside in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' husband and father, Edwin Salazar, on January 29, 2025.

4.      Plaintiffs allege that the death of Edwin Salazar was a result of Defendants' excessive use of deadly force, Defendants' failure to timely provide

1  reasonable medical care to Edwin Salazar despite his serious medical condition after

2  being shot, Defendants' deliberate indifference to Edwin Salazar's Constitutional

3  rights, and Defendants' negligence.

4      5.     The policies and customs behind shootings of civilians such as Edwin

5  Salazar, and the failure to de-escalate the interaction and employ less-lethal weapons

6  are fundamentally unconstitutional and have violated the civil rights of residents of

7  the CITY, such as Plaintiffs and Edwin Salazar. Accordingly, Plaintiffs herein seek

8  by means of this civil rights action to hold accountable those responsible for the death

9  of Edwin Salazar, and to challenge the unconstitutional policies and practices of the

10  CITY.

11                                   **PARTIES**

12      6.     At all relevant times, Edwin Salazar was an individual residing in the

13  City of Murrieta, California.

14      7.     Plaintiff ANNE RAZON-SALAZAR is an individual residing in the city

15  of Murrieta, California, and is the wife of Edwin Salazar. ANNE RAZON-

16  SALAZAR sues in her individual capacity as the wife of Edwin Salazar and a

17  representative capacity as successor-in-interest to Edwin Salazar pursuant to

18  California Code of Civil Procedure §377.60. ANNE RAZON-SALAZAR seeks both

19  survival and wrongful death damages under federal and state law.

20      8.     Plaintiff ALDWIN SALAZAR is an individual residing in the city of

21  Murrieta, California and is the natural son of Edwin Salazar. ALDWIN SALAZAR

22  sues in his individual capacity as the son of Edwin Salazar and a representative

23  capacity as successor-in-interest to Edwin Salazar pursuant to California Code of

24  Civil Procedure §377.60. ALDWIN SALAZAR seeks both survival and wrongful

25  death damages under federal and state law.

26      9.     Plaintiff EDLINE SALAZAR is an individual residing in the city of

27  Murrieta, California and is the natural daughter of Edwin Salazar. EDLINE

28  SALAZAR sues in her individual capacity as the daughter of Edwin Salazar and a

3

**FIRST AMENDED COMPLAINT FOR DAMAGES**

representative capacity as a successor-in-interest to Edwin Salazar pursuant to California Code of Civil Procedure §377.60. EDLINE SALAZAR seeks both survival and wrongful death damages under federal and state law.

10.    Plaintiff GABRIELA SALAZAR is an individual residing in the city of Murrieta, California and is the natural daughter of Edwin Salazar. GABRIELA SALAZAR sues in her individual capacity as the daughter of Edwin Salazar and a representative capacity as successor-in-interest to Edwin Salazar pursuant to California Code of Civil Procedure §377.60. GABRIELA SALAZAR seeks both survival and wrongful death damages under federal and state law.

11.    Plaintiff MIYA SALAZAR is an individual residing in the city of Murrieta, California and is the natural daughter of Edwin Salazar. MIYA SALAZAR sues in her individual capacity as the daughter of Edwin Salazar and a representative capacity as successor-in-interest to Edwin Salazar pursuant to California Code of Civil Procedure §377.60. MIYA SALAZAR seeks both survival and wrongful death damages under federal and state law.

12.    At all relevant times, Defendant CITY OF MURRIETA ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Murrieta Police Department ("MPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CITY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of some or all of Defendants MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNET, and DOES 1-10 ("DEFENDANT OFFICERS").

13.    Defendant MARK KWIATKOWSKI is a police officer for the CITY's

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Police Department. At all relevant times, MARK KIWATKOWSKI was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

14.    Defendant MICHAEL MULLIGAN is a police officer for the CITY's Police Department. At all relevant times, MICHAEL MULLIGAN was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

15.    Defendant RONALD SMITH is a police officer for the CITY's Police Department. At all relevant times, RONALD SMITH was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

16.    Defendant PHILLIP STINNETT is a police officer for the CITY's Police Department. At all relevant times, PHILLIP STINNETT was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

17.    Defendants DOES 1-5 are police officers for the CITY's Police Department ("DOE OFFICERS").  At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the Murrieta Police Department; and were acting with the complete authority and ratification of their principal, Defendant CITY.

18.    Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees for the CITY's Police Department, who at all relevant times were acting under color of law within the course and scope of their duties as managerial, supervisoria, and policymaking employees for the MPD. DOES 6-10 were acting

with the complete authority and ratification of their principal, Defendant CITY.

19.    On information and belief, KWIATKOWSKI, MULLIGAN, SMITH, STINNETT, and DOES 1-5 ("DEFENDANT OFFICERS") were residents of the City of Murrieta, California at all relevant times.

20.    In doing the acts, failings, and/or omissions as hereinafter described, DEFENDANT OFFICERS were acting on the implied and actual permission and consent of DOES 6-10 and the Defendant CITY.

21.    The true names and capacities, whether individual, corporate, association or otherwise of Defendant DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this compliant to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictiously named Defendants is responsible in some manner for the conduct or liabilities alleged herin.

22.    Defendants KWIATKOWSKI, MULLIGAN, SMITH, STINNETT, and DOES 1-10 are sued in their individual capacities.

23.    At all times mentioned herein, each and every Defenadant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

24.    All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained herein.

25.    On or around July 21, 2025, Plaintiffs filed comprehensive and timely claims for damages with the City of Murrieta pursuant to the applicable sections of the California Government Code. The City of Murrieta received Plaintiffs claims on July 24, 2025. Said claim was denied by operation of law pursuant to the California Government Code § 912.4.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

26.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

27.     On or about January 30, 2025, DEFENDANT OFFICERS responded to a call at or near 36152 Creighton Ave in the City of Murrieta, California.

28.     Thereafter, DEFENDANT OFFICERS escalated the situation when they breached the door to the apartment of Edwin Salazar, Anne Razon-Salazar, and Miya Salazar, and immediately pointed their firearms at Edwin Salazar. Plaintiffs ANNE RAZON-SALAZAR and MIYA SALAZAR were in the home with Edwin Salazar.

29.     Within moments of entering the apartment, Defendants KWIATKOWSKI and MULLIGAN intentionally discharged their firearms at Edwin Salazar, striking and killing him.

30.     On information and belief, at the time of the shooting, Edwin Salazar posed no immediate threat of death or serious physical injury to DEFENDANT OFFICERS, or any other person.

31.     On information and belief, at the time of the shooting, Edwin Salazar had made no aggressive movements, had not aimed any weapon toward DEFENDANT OFFICERS or any other person, had not moved toward DEFENDANT OFFICERS in any manner, and did not make any furtive movements that would suggest to a reasonable officer that Edwin Salazar was attempting or intending to inflict harm to DEFENDANT OFFICERS or anyone else.

32.     At no time during the encounter did Edwin Salazar verbally threaten to harm anyone.

33.     On information and belief, at the time of the shooting, DEFENDANT OFFICERS had no information that Edwin Salazar had committed any crime, had any criminal history, or had ever physically harmed anyone.

34.     Prior to the shooting, DEFENDANT OFFICERS did not issue

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  appropriate commands to Edwin Salazar.

2      35.    Edwin Salazar was standing inside of his home and did not pose an

3  immediate threat to anyone at the time KWIATKOWSKI and MULLIGAN shot and

4  killed him. On information and belief, DEFENDANT OFFICERS had alternate

5  means of neutralizing and/or effectuating the seizure of Edwin Salazar available,

6  including through any of a variety of readily available less-than-lethal means or

7  strategies. The force used by the Defendants KIWATKOWSKI and MULLIGAN,

8  was unnecessary, excessive, and unreasonable under the totality of the circumstances.

9      36.    KIWATKOWSKI and MULLIGAN shot Edwin Salazar even though he

10 was not an immediate threat of death or serious bodily injury to them or anyone else

11 and there were other less lethal options available. KIWATKOWSKI and

12 MULLIGAN did not show a reverance for human life, and this was not an immediate

13 defense of life situation.

14     37.    Based on information and belief, after KIWATKOWSKI and

15 MULLIGAN discharged their firearms and DEFENDANT OFFICERS became aware

16 of Edwin Salazar's deteriorating physical condition, Defendants waited several

17 minutes before summoning paramedics to render medical care, and further delayed

18 paramedics' access to Edwin Salazar upon arrival.

19     38.    Edwin Salazar died as a result of his injuries caused by DEFENDANT

20 OFFICERS.

21     39.    Plaintiffs ANNE RAZON-SALAZAR, ALDWIN SALAZAR, EDLINE

22 SALAZAR, GABRIELA SALAZAR, and MIYA SALAZAR are Edwin Salazar's

23 successors in interest as defined in Section 377.11 of the Califoria Code of Civil

24 Procedure and succeed to Edwin Salazar's interest in this action as the wife and

25 natural children of Edwin Salazar.

26 //

27 //

28 //

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

(All Plaintiffs against Defendants MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1-5)

40.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41.    The unreasonable use of force by Defendants KIWATKOWSKI and MULLIGAN deprived Edwin Salazar of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Edwin Salazar under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.    As a result, Edwin Salazar suffered extreme pain and suffering and eventually suffered a loss of life.

43.    As a result of the conduct of DEFENDANT OFFICERS, they are liable for Edwin Salazar's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

44.    This use of deadly force was excessive and unreasonable under the circumstances, as Edwin Salazar did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting. Defendants' actions thus deprived Edwin Salazar of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

45.    The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Edwin Salazar and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

46.    Plaintiffs bring this claim as successors-in-interest to Edwin Salazar and seek both survival damages, including pain and suffering and loss of life, for the

1  violation of Edwin Salazar's rights. Plaintiffs also seek attorney's fees, costs, and

2  punitive damages under this claim.

3

4  ## SECOND CLAIM FOR RELIEF

5  **Fourth Amendment - Denial of Medical Care (42 U.S.C. § 1983)**

6  (All Plaintiffs against Defendants MARK KWIATKOWSKI, MICHAEL

7  MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1-5)

8      47.    Plaintiffs repeat and reallege each and every allegation in the foregoing

9  paragraphs of this Complaint with the same force and effect as if fully set forth

10  herein.

11      48.    The denial of medical care by DEFENDANT OFFICERS deprived

12  Edwin Salazar of his right to be secure in his persons against unreasonable searches

13  and seizures as guaranteed to Edwin Salazar under the Fourth Amendment to the

14  United States Constitution and applied to state actors by the Fourteenth Amendment.

15      49.    As a result, Edwin Salazar suffered extreme mental and physical pain

16  and eventually suffered a loss of life and earning capacity.

17      50.    DEFENDANT OFFICERS knew that failure to provide timely medical

18  treatment to Edwin Salazar could result in further significant injury or the

19  unnecessary and wanton infliction of pain, but disregarded that serious medical need,

20  causing Edwin Salazar's death.

21      51.    The conduct of DEFENDANT OFFICERS was willful, wanton,

22  malicious, and done with reckless disregard for the rights and safety of Edwin Salazar

23  and therefore warrants the imposition of exemplary and punitive damages as to

24  DEFENDANT OFFICERS.

25      52.    Plaintiffs bring this claim as successors-in-interest to Edwin Salazar and

26  seek both survival damages, including pain and suffering and loss of life, for the

27  violation of Edwin Salazar's rights. Plaintiffs also seek attorney's fees, costs, and

28  punitive damages under this claim.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CLAIM FOR RELIEF**

**Fourteenth Amendment – Interference with Familial Relationship**

**(42 U.S.C. § 1983)**

(All Plaintiffs against Defendants MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1-5)

53.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54.     ANNE RAZON-SALAZAR is the legal spouse of Edwin Salazar. ANNE RAZON-SALAZAR was married to Edwin Salazar for over twenty years. ANNE RAZON-SALAZAR and Edwin Salazar cohabitated from the day that they wed until Edwin Salazar's untimely death. The spouses enjoyed a close, loving relationship that endured until Edwin Salazar's untimely death.

55.     ALDWIN SALAZAR is the eldest biological son of Edwin Salazar. ADLWIN SALAZAR exclusively lived with his father, Edwin Salazar, and his mother until her parents separated. After Edwin Salazar separated and subsequently was divorced from ALDWIN SALAZAR's mother, Edwin Salazar shared joint custody of ALDWIN SALAZAR, regularly kept in contact, and maintained a continuing, loving relationship with his son, ALDWIN SALAZAR. After ALDWIN SALAZAR reached adulthood, ALDWIN SALAZAR and Edwin Salazar maintained regular contact through phone calls, texts, and visits. ADLWIN SALAZAR and Edwin Salazar enjoyed a close, loving relationship until Edwin Salazar's untimley death.

56.     EDLINE SALAZAR is the biological daughter of Edwin Salazar. EDLINE SALAZAR exclusively lived with her father, Edwin Salazar, and her mother until her parents separated. After Edwin Salazar separated and subsequently was divorced from EDLINE SALAZAR's mother, Edwin Salazar shared joint custody of EDLINE SALAZAR, regularly kept in contact, and maintained a

continuing, loving relationship with his daughter, EDLINE SALAZAR. After EDLINE SALAZAR reached adulthood, EDLINE SALAZAR and Edwin Salazar maintained regular contact through phone calls, texts, and visits. EDLINE SALAZAR and Edwin Salazar enjoyed a close, loving relationship until Edwin Salazar's untimley death.

57.    GABRIELA SALAZAR is the biological daughter of Edwin Salazar. GABRIELA SALAZAR lived with Edwin Salazar from birth until Edwin Salazar's untimely death in 2025. GABRIELA SALAZAR and Edwin Salazar enjoyed a close, loving relationship throughout her life until Edwin Salazar's death in 2025.

58.    MIYA SALAZAR is the biological daughter of Edwin Salazar. MIYA SALAZAR lived with Edwin Salazar from birth until Edwin Salazar's untimely death in 2025. MIYA SALAZAR and Edwin Salazar enjoyed a close, loving relationship throughout her life until Edwin Salazar's death in 2025.

59.    ANNE RAZON-SALAZAR, ALDWIN SALAZAR, EDLINE SALAZAR, GABRIELA SALAZAR, and MIYA SALAZAR had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with their husband and father, Edwin Salazar.

60.    As a result of the excessive force by DEFENDANT OFFICERS, Edwin Salazar died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with Edwin Salazar.

61.    The aforementioned actions of DEFENDANT OFFICERS, along with any undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of the Edwin Salazar and Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

62.    DEFENDANT OFFICERS, acting under color of state law, thus violated

**FIRST AMENDED COMPLAINT FOR DAMAGES**

the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted

infference with their familial relationship and right of association with Edwin

Salazar.

63.    DEFENDANT OFFICERS, acting under color of state law, thus violated

the Fourteenth Amendment rights of Edwin Salazar and Plaintiffs.

64.    As a direct and proximate cause of the actions of DEFENDANT

OFFICERS, Plaintiffs have suffered emotionally and have been deprived of the life-

long love, companishionship, comfort, support, society, care, and sustenance of

Edwin Salazar, and will continue to be so deprived for the remainder of their natural

lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial

support.

65.    As a result of the conduct of DEFENDANT OFFICERS, they are liable

for Edwin Salazar's injuries and Plaintiffs' damages either because they were integral

participants in the use of excessive force or because they failed to prevent these

violations.

66.    The conduct of DEFENDANT OFFICERS was willful, wanton,

malicious, and done with reckless disregard for the rights and safety of Edwin

Salazar and for the rights of Plaintiffs, and therefore warrants the imposition of

exemplary and punitive damages as to DEFENDANT OFFICERS.

67.    Plaintiffs bring this claim individually and seek wrongful death

damages under this claim for the interference with Plaintiffs' familial relationship

and right of association with Edwin Salazar. Plaintiffs also seek attorney's fees,

costs, and punitive damages under this claim.

//

//

//

//

//

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(All Plaintiffs Against Defendants CITY and DOES 6-10)

79.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

80.    DEFENDANT OFFICERS acted under color of law. The acts of said Defendants deprived Edwin Salazar and Plaintiffs of their particular rights under the United States Constitution.

81.    The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

82.    Defendants CITY and DOES 6-10 were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

83.    The negligent and unjustified use of force by the said DEFENDANT OFFICERS was a result of the negligent training by Defendants CITY and DOES 6-10, who failed to train CITY officers as to proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. CITY and DOES 6-10 were responsible for the training of CITY officers to ensure that the actions, procedures, and practices of said Defendants complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, and proper use of deadly force.

84.    CITY and DOES 6-10 negligently failed to train CITY officers to comply with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of CITY were not

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    adequate to train its police officers to handle the usual and recurring situations with

2    residents that said Defendants have contact with.

3        85.   The training policies of the CITY were deficient in the following ways:

4        a.   The CITY failed to properly train CITY police officers, such as

5        DEFENDANT OFFICERS, on appropriate circumstances and

6        manner for a warrantless entry into a dwelling, including but

7        not limited to the need for exigent circumstances for a

8        warrantless entry and to "knock and announce" prior to entry.

9        On information and belief, there were no exigent circumstances

10       present at the time DEFENDANT OFFICERS made a

11       warrantless entry into Edwin Salazar's dwelling. Additionally,

12       on information and belief, DEFENDANT OFFICERS failed to

13       knock and announce themselves prior to their warrantless entry

14       into Edwin Salazar's dwelling.

15       b.   The CITY failed to properly train CITY police officers, such as

16       DEFENDANT OFFICERS, on appropriate and proportional

17       responses to a potential domestic disturbance or domestic

18       violence call. On information and belief, DEFENDANT

19       OFFICERS failed to coordinate a tactical plan of approach,

20       failed to attempt to obtain a history of calls to the location, and

21       failed to attempt to obtain a history of the parties. Had they

22       done so, DEFENDANT OFFICERS would have known that

23       neither location or the parties had any prior history of calls for

24       service. DEFENDANT OFFICERS further failed to listen

25       outside of the location door to determine the level, if any, of

26       aggression. Had DEFENDANT OFFICERS done so, they

27       would not have executed a warrantless entry into the location as

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    there were no signs of aggression or violence coming from the

2    location.

3    c.    The CITY failed to properly train CITY police officers, such as

4    DEFENDANT OFFICERS, so that officers do not escalate their

5    interactions with members of the public and do not overreact

6    and resort to use of deadly force when the use of force was not

7    necessary. On information and belief, DEFENDANT

8    OFFICERS unnecessarily escalated the situation when they

9    used deadly force against Edwin Salazar within seconds of

10    making a warrantless entry into his dwelling even though

11    Edwin Salazar did not pose an immediate threat of death or

12    serious bodily injury at the time of the shooting.

13    d.    The CITY failed to properly train CITY police officers, such as

14    DEFENDANT OFFICERS, in proper police tactics, such as

15    situational awareness so that police officers do not utilize

16    negligent tactics. Because of this lack of proper training by the

17    CITY, the DEFENDANT OFFICERS did not use proper police

18    tactics in handling of the contact with Edwin Salazar, and

19    instead used defective police tactics, including the lack of

20    situational awareness by the said Defendants. These defective

21    tactics resulted in the death of Edwin Salazar.

22    e.    The CITY failed to properly train CITY police officers, such as

23    DEFENDANT OFFICERS, in the use of effective

24    communication prior to using force. Because of the lack of

25    proper training by the CITY, said Defendants did not use

26    effective communication prior to and during the use of force

27    against Edwin Salazar, including but not limited to failing to

28    identify themselves as police officers, failure to issue adequate

16

**FIRST AMENDED COMPLAINT FOR DAMAGES**

commands and to give Edwin Salazar the opportunity to comply, and failure to provide a warning that they were prepared to use deadly force. The ineffective communication of information by said Defendants prior to, and during the incident, resulted in the death of Edwin Salazar.

86.    The failure of Defendants CITY and DOES 6-10 to provide adequate training caused the deprivation of Edwin Salazar's and Plaintiffs' rights by said Defendants; that is, Defendants CITY and DOES 6-10's failure to train is so closely related to the deprivation of the Edwin Salazar's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

87.    By reason of the aforementioned acts and omissions, Edwin Salazar was severely injured and subjected to pain and suffering and lost his life.

88.    By reason of the aforementioned acts and omissions of Defendants, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

89.    By reason of the aforementioned acts and omissions, the Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of Edwin Salazar.

90.    Accordingly, Defendant CITY and DOES 6-10 are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

91.    Plaintiffs bring this claim individually and as successors-in-interest to Edwin Salazar and seek both survival and wrongful death damages under this claim. Plaintiffs also seek statutory attorney fees and costs under this claim.

//

//

//

//

//

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## **FIFTH CLAIM FOR RELIEF**

### **Battery (Cal. Govt. Code § 820 and California Common Law)**
### **(Wrongful Death/Survival)**

(All Plaintiffs Against Defendants KWIATKOWSKI, MULLIGAN, CITY, and DOES 6-10)

92.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

93.    Defendants KWIATKOWSKI and MULLIGAN, while working as a police officers for the CITY Police Department and acting within the course and scope of their duties, intentionally shot Edwin Salazar. Defendants KIWATKOWSKI and MULLIGAN had no legal justification for using deadly force against Salazar and said Defendants' use of force while carrying out their police officer duties was an unreasonable use of force, especially since Edwin Salazar was not an imminent threat to DEFENDANT OFFICERS or anyone else. The use of deadly force was also unreasonable because there were less intrusive options readily available.

94.    As a result of the actions of KWIATKOWSKI and MULLIGAN, Edwin Salazar suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries and lost learning capacity.

95.    CITY is vicariously liable for the wrongful acts of KWIATKOWSKI and MULLIGAN pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

96.    Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

97.    The conduct of KWIATKOWSKI and MULLIGAN was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiffs and Edwin Salazar, entitling Plaintiffs, individually and/or as successor-in-interest to Edwin Salazar, to an award of exemplary and punitive damages. Plaintiffs are also claiming funeral expenses and loss of financial support.

98.    Plaintiffs bring this claim individually and as successors-in-interest to Edwin Salazar and seek both survival damages, including for pre-death pain and suffering, and wrongful death damages under this claim.

## SIXTH CLAIM FOR RELIEF
### Negligence (Cal. Govt. Code § 820 and California Common Law)
### (Wrongful Death/Survival)
(All Plaintiffs Against All Defendants)

99.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

100.    The actions and inactions of Defendants were negligent, including but not limited to:

a.    The failure to properly and adequately train employees including DEFENDANT OFFICERS with regard to the use of force, including deadly force;

b.    The failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against Edwin Salazar;

c.    The negligent tactics and handling of the situation with Edwin Salazar, including pre-shooting negligence;

d.    The negligent detention, arrest, and use of force, including deadly force, against Edwin Salazar;

e.    The negligent failure to provide and or summon prompt medical care to Edwin Salazar;

19
**FIRST AMENDED COMPLAINT FOR DAMAGES**

      f.     The failure to give a verbal warning or appropriate commands prior to shooting;

      g.     And failure to properly train and supervise employees, including DEFENDANT OFFICERS.

101.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Edwin Salazar suffered extreme mental and physical pain and suffering and ultimately died and lost earning capacity. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Edwin Salazar, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

102.   CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

103.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

104.   Plaintiffs bring this claim individually and as successors-in-interest to Edwin Salazar and seek both survival damages, including for pre-death pain and suffering, and wrongful death damages under this claim.

//
//
//
//
//
//

20

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## SEVENTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### (Cal. Govt. Code § 820 and California Common Law)

(Plaintiffs ANNE RAZON-SALAZAR and MIYA SALAZAR Against All Defendants)

105.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

106.    DEFENDANT OFFICERS' negligence caused physical injury and death to Edwin Salazar when DEFENDANT OFFICERS negligently handled the encounter with Edwin Salazar, including negligent pre-force conduct and tactics, and KWIATKOWSKI and MULLIGAN negligently discharged their firearms at Edwin Salazar, striking Edwin Salazar and eventually killing him.

107.    ANNE RAZON-SALAZAR and MIYA SALAZAR were present at the scene when DEFENDANT OFFICERS encountered Edwin Salazar and KIWATKOWSKI and MULLIGAN fatally discharged their firearms at Edwin Salazar and ANNE RAZON-SALAZAR and MIYA SALAZAR were then aware that Edwin Salazar was being injured.

108.    As a result of being present at the scene and perceiving their husband and father, Edwin Salazar, being fatally shot by DEFENDANT OFFICERS, ANNE RAZON-SALAZAR and MIYA SALAZAR suffered serious emotional distress, including but not limited to suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

109.    On information and belief, an ordinary reasonable person would be unable to cope with witnessing their husband or father being fatally shot by the police.

110.    CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which

1  provides that a public entity is liable for the injuries caused by its employees within

2  the scope of the employment if the employee's act would subject him or her to

3  liability.

4      111.   Defendants DOES 6-10 are vicariously liable under California law and

5  the doctrine of *respondeat superior*.

6      112.   Plaintiffs ANNE RAZON-SALAZAR and MIYA SALAZAR bring this

7  claim individually and seek compensatory damages under this claim.

8

9      **EIGHTH CLAIM FOR RELIEF**

10     **Violation of Bane Act (Cal. Civil Code § 52.1)**

11     (All Plaintiffs Against All Defendants)

12     113.   Plaintiffs repeat and reallege each and every allegation in the foregoing

13 paragraphs of this Complaint with the same force and effect as if fully set forth

14 herein.

15     114.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person

16 from interfering with another person's exercise or enjoyment of his constitutional

17 rights by threats, intimidation, or coercion (including by the use of unconstitutionally

18 excessive force).

19     115.   Any individual whose exercise or enjoyment of rights secured by the

20 Constitution or laws of this state, has been interfered with, as described in

21 subdivision (a), may institute and prosecute in his name and on his own behalf a civil

22 action for damages, including but not limited to, damages under Section 52,

23 injunctive relief, and other appropriate equitable relief to protect the peaceable

24 exercise or enjoyment of the rights secured, including appropriate equitable and

25 declaratory relief to eliminate a pattern or practice of conduct as described in

26 subdivision (a).

27     116.   The Bane Act, the California Constitution and California common law

28 prohibit the use of excessive force, wrongful detention and arrest, and denial of

22

**FIRST AMENDED COMPLAINT FOR DAMAGES**

medical care by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. DEFENDANT OFFICERS violated Edwin Salazar's constitutional rights by wrongfully using excessive force against him, and denying him medical care, all of which acts were done intentionally and with a reckless disregard for Edwin Salazar's constitutional rights.

117.    DEFENDANT OFFICERS' use of deadly force was excessive and unreasonable under the circumstances. Further, the involved officers did not give a verbal warning or any commands prior to fatally shooting Edwin Salazar, despite being feasible to do so. The conduct of DEFENDANT OFFICERS was a substantial factor in causing the harm, losses, injuries, and damages of Edwin Salazar and Plaintiffs.

118.    DEFENDANT OFFICERS intentionally violated Edwin Salazar's constitutional rights by using excessive deadly force against Edwin Salazar, including but not limited to, shooting Edwin Salazar without warning. Further, these acts by DEFENDANT OFFICERS demonstrate that they had a reckless disregard for Edwin Salazar's constitutional rights.

119.    At the time of the shooting Edwin Salazar did not pose an immediate threat of death or serious bodily injury. On information and belief, DEFENDANT OFFICERS intentionally violated Edwin Salazar's rights by unlawfully and fatally shooting him.

120.    DEFENDANT OFFICERS, while working as police officers for the CITY Police Department, and acting within the course and cope of their duties, interfered with or attempted to interfere with the rights of Edwin Salazar to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercsion, or intimidation.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

121.   Edwin Salazar was caused to suffer extreme mental and physical pain and suffering and ultimately died and lost earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Edwin Salazar, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also claim funeral and burial expenses and loss of financial support.

122.   The conduct of DEFENDANT OFFICERS was a substantial factor in causing the harm, losses, injuries and damages of Edwin Salazar and Plaintiffs.

123.   Defendant CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

124.   The conduct of DEFENDANT OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Edwin Salazar entitling Plaintiffs to an award of exemplary and punitive damages.

125.   Plaintiffs bring this claim individually and as successors-in-interest to Edwin Salazar and seek compensatory and survival damages, including for his emotional distress, pre-death pain and suffering, loss of life and loss of enjoyment of life under this claim. Plaintiffs also seek treble damages, punitive damages, costs and attorney fees under this claim.

//

//

//

//

//

//

//

24

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ANNE RAZON-SALAZAR, ALDWIN SALAZAR, EDLINE SALAZAR, GABRIELA SALAZAR, and MIYA SALAZAR requests entry of judgment in their favor and against Defendants CITY OF MURRIETA, MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 10, inclusive, as follows:

A.  For compensatory damages, including both survival and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.  For other general damages in an amount according to proof at trial;

C.  For other non-economic damages in an amount according to proof at trial;

D.  For other special damages in an amount according to proof at trial;

E.  For punitive damages against the individual defendants in an amount to be proven at trial;

F.  Attorney's fees pursuant to 42 U.S.C. § 1988;

G.  Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h)

H.  For interest;

I.  For reasonable costs of this suit; and

J.  For such further other relief as the Court may deem just, proper, and appropriate.

DATED: January 28, 2026          LAW OFFICES OF DALE K. GALIPO


By_____*/s/ Hang D. Le*_____
      Dale K. Galipo
      Hang D. Le
      Attorneys for Plaintiffs

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiffs named herein hereby demand a trial by jury.

DATED: Janaury 28, 2026            LAW OFFICES OF DALE K. GALIPO

By _____ */s/ Hang D. Le* _____
                 Dale K. Galipo
                 Hang D. Le
                 Attorneys for Plaintiffs

**FIRST AMENDED COMPLAINT FOR DAMAGES**