# EXHIBIT 1



440 Stevens Avenue, Suite 100
Solana Beach, California 92075

O | (858) 380-4683
F | (858) 492-0486
www.deangazzo.com

February 4, 2026

Writer's Direct Contact
(858) 433-4721
bmesner@deangazzo.com

**SENT VIA E-MAIL ONLY**
dalekgalipo@yahoo.com
hlee@galipolaw.com

Dale K. Galipo, Esq.
Hang D. Le, Esq.
Law Offices of Dale K. Galipo
21800 Burbank Blvd.
Suite 310
Woodland Hills, CA 91367

    Re:    *Razon, Anne v. City of Murrieta, et al.*

Dear Counsel:

I am meeting and conferring with you in advance of filing a motion to dismiss as per Local Rule 7-3 as to the Third and Fourth claims for relief in your First Amended Complaint. My deadline to file a motion to dismiss is February 13, 2026, as such please advise your position by **February 9, 2026**. Additionally, I would like to set up time to speak by zoom or phone. Please advise your availability to meet and confer before February 9, 2026.

**<u>Third Claim for Relief Fourteenth Amendment Interference with Familial Relationship</u>**

    The third claim for relief alleges interference with familial relations under the 14th amendment. However, plaintiffs Anne Razon-Salazar, Aldwin Salazar, Edline Salazar, Gabriela Salazar, and Miya Salazar fail to allege facts to state a claim upon which relief can be granted. "'[T]he mere existence of a biological link does not merit equivalent constitutional protection'" *Wheeler v. City of Santa Clara*, 894 F. 3d 1046, 1058 (9th Cir. 2018) (quoting *Lehr v. Robertson*, 463 U.S. 248, 261 (1983)); *see also Estate of Harmon v. Cty. of San Mateo*, No. 21-cv-01463-VC, 2021 U.S. Dist. LEXIS 206521 at *2 (N.D. Cal. Oct. 26, 2021) ("A biological connection alone is not sufficient, nor are allegations of a close relationship or affection (citing *Wheeler*, 894 f. 3d at 1058).

Dale Galipo
Hang D. Le
Re: *Razon, Anne v. City of Murrieta, et al.*
February 4, 2026
Page 2

Decedent's alleged relationship with his children plaintiffs Aldwin and Gabriela Salazar consisted of:

> [Aldwin and Edline are the] biological [children] of Edwin Salazar. [Aldwin and Edline] exclusively lived with [their] father, Edwin Salazar, and [their] mother until [their] parents separated. After Edwin Salazar separated and subsequently was divorced from [Aldwin and Edline's] mother, Edwin Salazar shared joint custody of [Aldwin and Edline], regularly kept in contact, and maintained a continuing, loving relationship with his [children], [Aldwin and Edline]. After [Aldwin and Edline] reached adulthood, [Aldwin and Edline] and Edwin Salazar maintained regular contact through phone calls, texts, and visits. [Aldwin and Edline] and Edwin Salazar enjoyed a close, loving relationship until Edwin Salazar's untimely death.

FAC ¶¶ 55 and 56.

Likewise, Decedent's alleged relationship with his children plaintiffs Gabriela and Miya Salazar consist of:

> [Gabriela and Miya are] the biological daughter[s] of Edwin Salazar. [Gabriela and Miya] lived with Edwin Salazar from birth until Edwin Salazr's untimely death in 2025. [Gabriela and Miya] and Edwin Salazar enjoyed a close, loving relationship throughout [their] life until Edwin Salazar's death in 2025.

FAC ¶¶ 57 and 58.

"Judicially enforceable Fourteenth Amendment interests require enduring relationships reflecting an assumption of parental responsibility and 'stem[] from the emotional attachments that derive from the intimacy of daily association, and from the role it plays in promoting way of life through the instruction of children.'" *Wheeler*, 894 F. 3d at 1058.

Plaintiffs' FAC is void of facts demonstrating the intimacy of daily association and the required deep attachments, commitments, and distinctively personal aspects of their lives. *Id.* ("[E]ven biological parents must maintain consistent involvement in a child's life and participation in child-rearing activities for their relationship to be entitled to the Fourteenth Amendment protections at issue here.") *Id.* "[A] complaint that fails to plead facts showing such a relationship may be dismissed." *Gonzalez v. City of Santa Barbara*, No. 2:24-cv-01926-AB-MAR, 2024 U.S. Dist. LEXIS 243305, at *7 (C.D. Cal. Dec. 19, 2024); *see also Wheeler*, 894 F. 3d at 1058 (dismissal affirmed as allegation that plaintiff "'had a "close relationship with [decedent

Dale Galipo
Hang D. Le
Re: *Razon, Anne v. City of Murrieta, et al.*
February 4, 2026
Page 3

father] during part of his childhood and through his adult life" [] is not sufficient to support a loss of companionship claim.'"); *Est. of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1215 (E.D. Cal. 2019) (finding insufficient allegations that relatives "'cohabitated' with [decedent] and 'shared a close relationship and special bond' with him, and that the relationship [presupposed deep attachments, commitments, and distinctively personal aspects of their lives'"); *Terry*, 2019 U.S. Dist. LEXIS 167098, at *12 (finding allegation that minor "is a biological child of the Decedent, 'whom loved and spent time with him'" is insufficient where allegations did not show "Decedent raised [minor], otherwise resumed responsibility for his upbringing, or even maintained consistent contact with him during his childhood."); *Doe v. City of L.A.*, No. 20-cv-3218 DDP (JPRx), 2020 U.S. Dist. LEXIS 244870, at *6 (C.D. Cal. Dec. 30, 2020) ("As currently pled, the allegations fall short of establishing that Decedent maintained consistent involvement in Plaintiff's life and participated in child-rearing before his death.").

Similarly, Plaintiff Anne Razon-Salazar does not have standing for a fourteenth amendment claim. "Few close relationships—even between blood relatives—can serve as a basis for asserting Fourteenth Amendment loss of [familial association] claims." *Wheeler v. City of Santa Clara*, 894 F. 3d 1046, 1058 (9th Cir. 2018) (citing *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1991)). However, in the Ninth Circuit, "[a] decedent's parents and children generally have the right to assert substantive due process claims [for loss of familial association] under the Fourteenth Amendment." *Id.* at 1057. But the Ninth Circuit has never held a Fourteenth Amendment right to familial association extends to any relationship other than parent-child. Likewise, Anne Razon-Salazar does not allege any facts to demonstrate the relationship between her and the deceased. *Estate of Chivrell v. City of Arcata*, 623 F. Supp. 3d 1032, 1044 (N.D. Cal. 2022) (finding insufficient allegations that survivors "'shared a close relationship and special bond with their spouse or biological father . . . which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship'" and concluding "[a]s in *Estate of Mendez*, the complaint's allegations are only conclusory statements that do not allow the Court to draw a reasonable inference that [plaintiffs] had the deep attachments and commitments with [the decedent] required to merit the protections of the…Fourteenth Amendment [].")

Under the above-cited authorities, plaintiffs' allegations are not enough to survive a motion to dismiss.

**Fourth Claim For Relief (erroneously titled Fifth Claim) for Municipal Liability – Failure to Train (42 U. S. C. § 1983)**

A *Monell* claim can be established in one of three ways. See *Thomas v. Cty. of Riverside*, 763 F. 3d 1167, 1170 (9th Cir. 2014). First, a local government may be held liable when its acts "pursuant

Dale Galipo
Hang D. Le
Re: *Razon, Anne v. City of Murrieta, et al.*
February 4, 2026
Page 4

to an expressly adopted policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F. 3d 978, 982 (9th Cir. 2004). Second, a public entity may be held liable for a "long withstanding practice or custom." *Thomas*, 763 F. 3d at 1170. Third, a local government may be held liable under Section 1983 as a final policy maker. *Id.*

The fourth claim for relief alleges a *Monell* violation based on "failure to train, supervise, and discipline." The complaint alleges that "[t]he training policies of the CITY were deficient in the following ways:

   a. The CITY failed to properly train CITY police officers, such as DEFENDANT OFFICERS, on appropriate circumstances and manner for a warrantless entry into a dwelling, including but not limited to the need for exigent circumstances and manner for a warrantless entry into a dwelling, including but not limited to the need for exigent circumstances present at the time DEFENDANT OFFICERS made a warrantless entry into Edwin Salazar's dwelling. Additionally, on information and belief, DEFENDANT OFFICERS failed to knock and announce themselves prior to their warrantless entry into Edwin Salazar's dwelling.
   b. The City failed to properly train CITY police officers, such as DEFENDANT OFFICERS, on appropriate and proportional responses to a potential domestic disturbance or domestic violence call. On information and belief, DEFENDANT OFFICERS failed to coordinate a tactical plan of approach, failed to attempt to obtain a history of calls to the location, and failed to attempt to obtain a history of the parties. Had they done so, DEFENDANT OFFICERS would have known that neither location or the parties had any prior history of calls for service. DEFENDANT OFFICERS failed to listen outside of the location door to determine the level, if any, of aggression. Had DEFENDANT OFFICERS done so, they would not have executed a warrantless entry into the location as there was no signs of aggression or violence coming from the location.
   c. The CITY failed to properly train CITY police officers, such as DEFENDANT OFFICERS, so that officers do not escalate their interactions with members of the public and do not overreact and resort to use of deadly force when the use of force was not necessary. On information and belief, DEFENDANT OFFICERS unnecessarily escalated the situation when they used deadly force against Edwin Salazar within seconds of making a warrantless entry into his dwelling even though Edwin Salazar did not pose an immediate threat of death or serious bodily injury at the time of the shooting.

Dale Galipo
Hang D. Le
Re: *Razon, Anne v. City of Murrieta, et al.*
February 4, 2026
Page 5

    d. The CITY failed to properly train CITY police officers, such as DEFENDANT OFFICERS, in proper police tactics, such as situational awareness so that police officers do not utilize negligent tactics. Because of this lack of proper training by the CITY, the DEFENDANT OFFICERS did not use proper police tactics in handling of the contact with Edwin Salazar, and instead used defective police tactics, including the lack of situational awareness by the said Defendants. These defective tactics resulted in the death of Edwin Salazar.

    e. The CITY failed to properly train CITY police officers, such as DEFENDANT OFFICERS, in the use of effective communication prior to using force. Because of the lack of proper training by the CITY, said Defendants did not use effective communication prior to and during the use of force against Edwin Salazar, including but not limited to failing to identify themselves as police officers, failure to issue adequate commands and to give Edwin Salazar the opportunity to comply, and failure to provide a warning that they were prepared to use deadly force. The ineffective communication of information by said Defendants prior to, and during the incident, resulted in the death of Edwin Salazar.

FAC at ¶85(a)-(e). Under the failure to train theory, a pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). However, a pattern is unnecessary when the unconstitutional consequences of failing to train are so patently obvious that a city could be liable under Section 1983 without proof of a pre-existing pattern of violations. See *City of Canton v. Harris*, 489 U.S. 378, 390 (1988) (finding that when the "need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.").

A good analysis of the necessary allegations is as follows:

> A.G. has not alleged facts sufficient to plead a "pattern of unconstitutional violations." *Rosenbaum*, 2021 U.S. Dist. LEXIS 245185, 2021 WL 6092205, at *22. A.G.'s complaint is bereft of any factual allegations "about any officer's training, [] the inadequacy of that training, or [] a pattern of constitutional violations resulting from inadequate training." *Id.* The complaint makes conclusory allegations that the City "failed to properly train" Defendants Fletcher and Overton but does not contain any factual allegations about the training Defendants Fletcher and Overton received or how such training was inadequate. The complaint also does not allege a "pattern of constitutional

Dale Galipo
Hang D. Le
Re: *Razon, Anne v. City of Murrieta, et al.*
February 4, 2026
Page 6

violations" resulting from the City's allegedly inadequate training. Although the complaint alleges that Defendant Fletche4r "has been sued multiple times for use of excessive force, including in 2007 and 2009," that does not rise to a "pattern of unconstitutional violations." See *Rosenbaum*, 2021 U.S. Dist. LEXIS 245185, 2021 WL 6092205, at *22 ("Without evidence of a pattern of similar constitutional violations, Plaintiff cannot state a *Monell* claim for failure to train."); *Mitchel v. Cnty. Of Contra Costa*, 600 F. Supp. 3d 1018, 1032 (N.D. Cal. 2022) (dismissing *Monell* claim for alleged failure to train where "[t]he complaint contain[ed] no allegations about the specific training that was deficient or how it was deficient and d[id] not allege how the training deficiencies resulted in the alleged constitutional violations"); *Bagley v. City of Sunnyvale*, No. 16-CV-02250-JSC, 2017 U.S. Dist. LEXIS 182903, 2017 WL 5068567, at *6 (N.D. Cal. Nov. 3, 2017) ("Instead of alleging facts specific to the [c]ity's training program, the [p]laintiff's allegations are limited to individual officers' on-site conduct in no more than three isolated instances, including the one at issue here. Thus, [p]laintiff fails to plausibly plead a *Monell* claim."). Accoridingly, A.G.'s *Monell* claim is DISMISSED with leave to amend to assert factual support for his *Monell* claim.

*A.G. v. City of San Leandro* (N.D. Cal. Mar. 25, 2025, No. 24-cv-01273-JSW) 2025 U.S. Dist. LEXIS 55630, at *10-11.

Here, the complaint only alleges conclusory allegations about failures to train, and no actual factual allegations about how the training of any specific deputy was alleged to be deficient. On this basis, we will challenge this cause of action by way of motion to dismiss as well.

**Conclusion**

Based on above, we intend to file a motion to dismiss. Please let me know your availability to discuss prior to January 9, 2026. I look forward to speaking with you on these issues.

                Thank you,

                */s/ Brooke M. Mesner*

                Brooke Mesner

BMM/mek