Dean Gazzo Roistacher LLP
Mitchell D. Dean, Esq. (SBN 128926)
Brooke Mesner, Esq. (SBN 354265)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail: mdean@deangazzo.com
  bmesner@deangazzo.com

Attorneys for Defendants
City of Murrieta, Mark Kwiatkowski, Michael Mulligan, Ronald Smith, Phillip Stinnett, Jacob Fernandez, and Travis Baker

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE RAZON-SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; ALDWIN SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; EDLINE SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; GABRIELA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; and MIYA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MURRIETA; MARK KWIATKOWSKI; MICHAEL MULLIGAN; RONALD SMITH; PHILLIP STINNETT; JACOB FERNANDEZ; TRAVIS BAKER; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 5:25-cv-03433 AH (SKx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AND FOURTH CAUSES OF ACTION FROM PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS CITY OF MURRIETA, MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, JACOB FERNANDEZ, AND TRAVIS BAKER** <br><br> Date: March 25, 2026 <br> Time: 1:30 p.m. <br> Courtroom: 9C <br> Judge: Hon. Anne Hwang <br> Magistrate: Hon. Steve Kim <br><br> Complaint Filed: 12/17/2025 <br> Trial Date: None set |

///

///

# **TABLE OF CONTENTS**

I. INTRODUCTION……………………………………………………………….5

II. AUTHORITY……………………………………………………………….…...5

III. ARGUMENT……………………………………………………………………7

    A. This Court Should Dismiss Plaintiffs' for 14th Amendment – Interference with Familial Relations (Third Claim for Relief) Because it is Insufficiently Plead…………………………………………7

        1. Aldwin Salazar, Edline Salazar, Gabriela Salazar, and Miya Salazar ("Children Plaintiffs") Inadequately Plead a Claim for Relief……………………………………………….....7

        2. Anne Salazar-Razon Does Not Have Standing or in the Alternative Inadequately Pleads a Fourteenth Amendment Claim for Relief………………………………..9

    B. This Court Should Dismiss Plaintiffs' Monell[1] Claim Against the City for Failure to Train (Fourth Claim for Relief erroneously titled as Fifth Claim) Because it is Insufficiently Pled……………..10

        1. Authority for Liability for Failure to Train…………………10

        2. Plaintiffs' Allegations……………………………………12

        3. Plaintiffs' Allegations are Insufficient……………………...14

IV. CONCLUSION……………………………………………………….…15

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

# TABLE OF AUTHORITIES

**Cases**

*AE v. County of Tulare*
  666 F.3d 631 (9th Cir. 2012).................................................................6

*A.G. v. City of San Leandro*
  (N.D.Cal. Mar. 25, 2025, No. 24-cv-01273-JSW)
  2025 U.S.Dist.LEXIS 55630.........................................................12, 15

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)...................................................................……..6

*Bagley v. City of Sunnyvale*
  No. 16-CV-02250-JSC
  2017 U.S. Dist. LEXIS 182903, 2017 WL 5068567
  (N.D. Cal. Nov. 3, 2017)...........................................................………11

*Balistreri v. Pacifica Police Dep't.*
  901 F.2d 696, 699 (9th Cir. 1988)..........................................................6

*Benavidez v. County of San Diego*
  993 F.3d 1134 (9th Cir. 2021)..................................………..………10, 14

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007).............................................................................6

*Blankenhorn v. City of Orange*
  485 F.3d 463 (9th Cir. 2007).......................................................10, 14

*Board of Cty. Com'rs of Bryan Cty. v. Brown*
  520 U.S. 397 (1977)...................................................................………11

*City of Canton v. Harris*
  489 U.S. 378 (1988)..........................................................…......Passim

*Connick v. Thompson*
  563 U.S. 51 (2011)...................................................….……10, 11, 14

*Conservation Force v. Salazar*
  646 F.3d 1240 (9th Cir. 2011)...............................................................6

*Davis v. City of Ellensburg*
  869 F. 2d 1230 (9th Cir. 1989)..........................................…....…10, 15

*Doe v. Cty. of L.A.*
  No. 20cv-3218 DDP (JPRx), 2020 U.S. Dist. LEXIS 244870
  (C.D. Cal. Dec. 30, 2020)....................................................................9

*Dougherty v. City of Covina*
  654 F.3d 892 (9th Cir. 2011)................................................................6

*Estate of Chivrell v. City of Arcata*
  623 F. Supp. 3d 1032 (N.D. Cal. 2022)........................................…..8, 9

*Estate of Harmon v. Cty. of San Mateo*
  No. 21-cv-01463-VC, 2021 U.S. Dist. LEXIS 206521
  (N.D. Cal. Oct. 26, 2021)……………………………………………..7

*Est. of Mendez v. City of Ceres*
  390 F. Supp. 3d 1189 (E.D. Cal. 2019)………………………………8, 10

*Gonzalez v. Cty. of Santa Barbara*
  No. 2:24-cv-01926-ABMAR
  2024 U.S. Dist. LEXIS 243305 (C.D. Cal. Dec. 19, 2024)…………………7

*Lehr v. Robertson*
  463 U.S. 248 (1983)……………………………………………………7

*Mitchell v. Cnty. of Contra Costa*
  600 F. Supp. 3d 1018 (N.D. Cal. 2022)………………………………...11

*Monell v. Dep't of Soc. Servs.*
  436 U.S. 658 (1978)……………………………..…6, 10, 11

*Sanders v. City of Nat'l City*
  2020 U.S. Dist. LEXIS 201975 (S.D. Cal. Oct. 29, 2020)………………..6

*Terry v. City of Pasadena Cal.*
  No. CV 18-07730 SJO (RAOx)
  2019 U.S. Dist. LEXIS 167098 (C.D. Cal. June 17, 2019)………………..8

*Ward v. City of San Jose*
  967 F.2d 280 (9th Cir. 1991)……………………………………………9

*Wheeler v. City of Santa Clara*
  894 F.3d 1046 (9th Cir. 2018)………………………………………7, 8, 9

**Statutes**

42 U.S.C § 1983………………………………………………...……..5, 11, 15

Federal Rule of Civil Procedure 8(a)(2)…………………………………….6

Federal Rule of Civil Procedure 12(b)(6)…………………………………...5

## I. INTRODUCTION

This case arises out of a fatal officer-involved shooting of decedent, Edwin Salazar ("Salazar") on January 29, 2025. ECF Doc. 15, ¶ 3. According to the First Amended Complaint ("FAC"), defendant officers responded to a call for service when they escalate the situation and breached the door of Salazar, Anne Razon-Salazar, and Miya Salazar's apartment. *Id.* ¶ 28. Within moments of entering the home, the defendant officers fatally shot Salazar. *Id.* ¶ 29.

In their FAC, plaintiffs Anne Razon-Salazar (decedent's wife), Aldwin Salazar (decedent's son), Edline Salazar (decedent's daughter), Gabriela Salazar (decedent's daughter), and Miya Salazar (decedent's daughter), allege against the City of Murrieta, defendant officers Mark Kwiatkowski, Michael Mulligan, Ronald Smith, Phillip Stinnett, Jacob Fernandez, and Travis Baker, (collectively "The City Defendants") and DOES 1 through 10, eight (8) claims of relief. The City Defendants moves to dismiss the third and fourth claim for relief: (3) Fourteenth Amendment, Interference with Familial Relationship (42 U.S.C. § 1983) and (4) Municipal Liability, Failure to Train (42 U.S.C. § 1983).

Plaintiffs' third claim for relief for 14th Amendment – Interference with Familial Relations under 42 U.S.C § 1983 against Defendants Mark Kwiatkowski, Michael Mulligan, Ronald Smith, Phillip Stinnett, and DOES 1-5, is insufficiently pled. Plaintiffs Aldwin Salazar, Edline Salazar, Gabriela Salazar, and Miya Salazar merely allege a biological link and conclusory allegations that they shared a close relationship with decedent.

Plaintiffs' fourth claim for relief (erroneously titled Fifth Claim for Relief) for Failure to Train under 42 U.S.C. § 1983 against the City and DOES 6-10 fails because it only alleges conclusory allegations without any factual support.

## II. AUTHORITY

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. A district court

properly dismisses a claim if "there is a 'lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) *(*quoting *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2) a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "'[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard ... 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citations omitted). Facts "'merely consistent with' a defendant's liability" are insufficient. *Id.* And "'legal conclusions couched as a factual allegation'" are not accepted as true. *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.*

The *Twombly/Iqbal* pleading standards apply to *Monell* claims. *AE v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012); *Dougherty v. City of Covina*, 654 F.3d 892, 900-901 (9th Cir. 2011); *Sanders v. City of Nat'l City*, 2020 U.S. Dist. LEXIS 201975, at *6 (S.D. Cal. Oct. 29, 2020).

///

### III. ARGUMENT

#### A. This Court Should Dismiss Plaintiffs' for 14th Amendment – Interference with Familial Relations (Third Claim for Relief) Because it is Insufficiently Plead.

##### 1. Aldwin Salazar, Edline Salazar, Gabriela Salazar, and Miya Salazar ("Children Plaintiffs") Inadequately Plead a Claim for Relief

"'[T]he mere existence of a biological link does not merit equivalent constitutional protection.'" *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018) (quoting *Lehr v. Robertson*, 463 U.S. 248, 261 (1983)); *see also Estate of Harmon v. Cty. of San Mateo*, No. 21-cv-01463-VC, 2021 U.S. Dist. LEXIS 206521, at *2 (N.D. Cal. Oct. 26, 2021) ("A biological connection alone is not sufficient, nor are allegations of a close relationship or affection.") (citing *Wheeler*, 894 F.3d at 1058).

"Judicially enforceable Fourteenth Amendment interests require enduring relationships reflecting an assumption of parental responsibility and 'stem[] from the emotional attachments that derive from the intimacy of daily association, and from the role it plays in promoting a way of life through the instruction of children.'" *Wheeler*, 894 F.3d at 1058. "[E]ven biological parents must maintain consistent involvement in a child's life and participation in child-rearing activities for their relationship to be entitled to the Fourteenth Amendment protections at issue here." *Id.* "[A] complaint that fails to plead facts showing such a relationship may be dismissed." *Gonzalez v. Cty. of Santa Barbara*, No. 2:24-cv-01926-AB-MAR, 2024 U.S. Dist. LEXIS 243305, at *7 (C.D. Cal. Dec. 19, 2024).

The Children Plaintiffs allege:

> [Aldwin and Edline are the] biological [children] of Edwin Salazar. [Aldwin and Edline] exclusively lived with [their] father, Edwin Salazar, and [their] mother until [their] parents separated. After Edwin Salazar separated and subsequently was divorced from [Aldwin and Edline's] mother, Edwin Salazar shared joint custody of [Aldwin and Edline], regularly kept in contact, and maintained a continuing, loving relationship with his [children], [Aldwin and

|   |   |
|---|---|
| 1 | Edline]. After [Aldwin and Edline] reached adulthood, [Aldwin and Edline] and Edwin Salazar maintained regular contact through phone calls, texts, and visits. [Aldwin and Edline] and Edwin Salazar enjoyed a close, loving relationship until Edwin Salazar's untimely death. |
| 2 | |
| 3 | |
| 4 | [Gabriela and Miya are] the biological daughter[s] of Edwin Salazar. [Gabriela and Miya] lived with Edwin Salazar from birth until Edwin Salazr's untimely death in 2025. [Gabriela and Miya] and Edwin Salazar enjoyed a close, loving relationship throughout [their] life until Edwin Salazar's death in 2025. |
| 5 | |
| 6 | |
| 7 | ECF No. 15 ¶ ¶ 55, 56. 57 and 58. |

The Children Plaintiffs' allegations are insufficient and not enough to survive a motion to dismiss. *Wheeler*, 894 F.3d at 1058 (dismissal affirmed as allegation that plaintiff "'had a "close relationship with [decedent father] during part of his childhood and throughout his adult life" [] is not sufficient to support a loss of companionship claim'"); *Est. of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1215 (E.D. Cal. 2019) (finding insufficient allegations that relatives "'cohabitated' with [decedent] and 'shared a close relationship and special bond' with him, and that the relationship 'presupposed deep attachments, commitments, and distinctively personal aspects of their lives'"); *Estate of Chivrell v. City of Arcata*, 623 F. Supp. 3d 1032, 1044 (N.D. Cal. 2022) (finding insufficient allegations that survivors "'shared a close relationship and special bond with their spouse or biological father . . . which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship'" and concluding "[a]s in *Estate of Mendez*, the complaint's allegations are only conclusory statements that do not allow the Court to draw a reasonable inference that [plaintiffs] had the deep attachments and commitments with [the decedent] required to merit the protections of the ...Fourteenth Amendment[ ]."); *Terry v. City of Pasadena Cal.,* No. CV 18-07730 SJO (RAOx), 2019 U.S. Dist. LEXIS 167098, at * 12 (C.D. Cal. June 17, 2019) (finding allegation that minor "is a biological child of the Decedent, 'whom loved and spent time with him'" insufficient where allegations did not show "Decedent raised

[minor], otherwise resumed responsibility for his upbringing, or even maintained consistent contact with him during his childhood."); *Doe v. Cty. of L.A.*, No. 20-cv-3218 DDP (JPRx), 2020 U.S. Dist. LEXIS 244870, at *6 (C.D. Cal. Dec. 30, 2020) ("As currently pled, the allegations fall short of establishing that Decedent maintained consistent involvement in Plaintiff's life and participated in child-rearing before his death.").

### 2. Anne Salazar-Razon Does Not Have Standing or in the Alternative Inadequately Pleads a Fourteenth Amendment Claim for Relief

"Few close relationships—even between blood relatives—can serve as a basis for asserting Fourteenth Amendment loss of [familial association] claims." *Wheeler v. City of Santa Clara*, 894 F. 3d 1046, 1058 (9th Cir. 2018) (citing *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1991)). The Ninth Circuit has never held a Fourteenth Amendment right to familial association extends to any relationship other than parent-child. *Id.* at 1057 ("A decedent's parents and children generally have the right to assert substantive due process claims under the Fourteenth Amendment.").

Even if plaintiff Anne-Razon Salazar did have standing to bring a claim for relief under the Fourteenth Amendment, she does not plead with the required specificity to bring a Fourteenth Amendment Loss of Familial Relations claim. Anne Razon-Salazar's allegations simply state that she

> is the legal spouse of Edwin Salazar. ANNE RAZON-SALAZAR was married to Edwin Salazar for over twenty years. ANNE RAZON-SALAZAR and Edwin Salazar cohabitated from the day that they wed until Edwin Salazar's untimely death. The spouses enjoyed a close, loving relationship that endured until Edwin Salazar's untimely death.

ECF No. 15 ¶ 54. These vague conclusory statements are inadequate to survive a motion to dismiss. *Estate of Chivrell v. City of Arcata*, 623 F. Supp. 3d 1032, 1044 (N.D. Cal. 2022) (finding insufficient allegations that survivors "'shared a close

relationship and special bond with their spouse or biological father . . . which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship'" and concluding "[a]s in *Estate of Mendez*, the complaint's allegations are only conclusory statements that do not allow the Court to draw a reasonable inference that [plaintiffs] had the deep attachments and commitments with [the decedent] required to merit the protections of the…Fourteenth Amendment [].")

**B. This Court Should Dismiss Plaintiffs' *Monell*[2] Claim Against the City for Failure to Train (Fourth Claim for Relief erroneously titled as Fifth Claim) Because it is Insufficiently Pled**

    **1. Authority for Liability for Failure to Train**

*Monell* liability may exist for inadequacies in training, supervision, and retention. *See City of Canton*, 489 U.S. 378, 388 (1988); *Davis v. City of Ellensburg*, 869 F. 2d 1230, 1235 (9th Cir. 1989). But this liability exists only when it "amounts to deliberate indifference to the rights of the persons with whom [employees] come into contact" such that the failure to train, supervise, or retain can be considered an official policy or custom that caused the constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 388 (1988); *see Connick v. Thompson,* 563 U.S. 51, 61 (2011); *Benavidez v. County of San Diego*, 993 F.3d 1134, 1160 (9th Cir. 2021) (Collins, J., concurring); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007); *Davis,* 869 F.2d at 1235.

Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal or actor disregarded a known or obvious consequence of his actions." *Connick,* 563 U.S. at 61 (citations omitted). Thus, a municipal policy maker must have "actual or constructive notice that a particular omission" in its training, supervision, or discipline "causes [municipal] employees to violate citizens'

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

constitutional rights." *Id*. Otherwise, "de facto respondeat superior liability" "would result." *Id*. at 62. Thus, plaintiffs must allege and prove a "pattern of similar constitutional violations." *Id*.; *Board of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1977). However, a pattern is unnecessary when the unconstitutional consequences of failing to train are so patently obvious that a City could be liable under Section 1983 without proof of a pre-existing pattern of violations. *See Canton*, 489 U.S. at 390 (finding that when the "need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.").

A good analysis of the necessary allegations to support a *Monell* claim for failure to train is as follows:

> A.G. has not alleged facts sufficient to plead a 'pattern of unconstitutional violations.' *Rosenbaum*, 2021 U.S. Dist. LEXIS 245185, 2021 WL 6092205, at *22. A.G.'s complaint is bereft of any factual allegations 'about any officer's training, [] the inadequacy of that training, or [] a pattern of constitutional violations resulting from inadequate training.' *Id*. The complaint makes conclusory allegations that the City 'failed to properly train' Defendants Fletcher and Overton but does not contain any factual allegations about the training Defendants Fletcher and Overton received or how such training was inadequate. The complaint also does not allege a 'pattern of constitutional violations' resulting from the City's allegedly inadequate training. Although the complaint alleges that Defendant Fletcher 'has been sued multiple times for use of excessive force, including in 2007 and 2009,' that does not rise to a 'pattern of unconstitutional violations.' See *Rosenbaum*, 2021 U.S. Dist. LEXIS 245185, 2021 WL 6092205, at *22 ('Without evidence of a pattern of similar constitutional violations, Plaintiff cannot state a Monell claim for failure to train.'); *Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1032 (N.D. Cal. 2022) (dismissing Monell claim for alleged failure to train where '[t]he complaint contain[ed] no allegations about the specific training that was deficient or how it was deficient and d[id] not allege how the training deficiencies resulted in the alleged constitutional violations'); *Bagley v. City of Sunnyvale*, No. 16-CV-02250-JSC, 2017 U.S. Dist. LEXIS 182903, 2017 WL 5068567, at *6 (N.D. Cal. Nov. 3, 2017) ('Instead of alleging facts specific to the [c]ity's training program, the [p]laintiff's allegations are limited to individual officers' on-site conduct in no more than three isolated instances, including the one at issue here. Thus, [p]laintiff fails to plausibly plead a *Monell* claim.'). Accordingly, A.G.'s Monell claim is DISMISSED with leave to amend to assert factual support for his Monell claim.

*A.G. v. City of San Leandro* (N.D.Cal. Mar. 25, 2025, No. 24-cv-01273-JSW) 2025 U.S.Dist.LEXIS 55630, at *10-11.

**2. Plaintiffs' Allegations**

Plaintiffs allege:

- The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal. ECF No. 15, ¶ 81.

- Defendants CITY and DOES 6-10 were deliberately indifferent to the obvious consequences of its failure to train its officers adequately. *Id*. at ¶ 82

- The negligent and unjustified use of force by the said DEFENDANT OFFICERS was a result of the negligent training by Defendants CITY and DOES 6-10, who failed to train CITY officers as to proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. CITY and DOES 6-10 were responsible for the training of CITY officers to ensure that the actions, procedures, and practices of said Defendants complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, and proper use of deadly force. *Id.* at ¶ 83.

- CITY and DOES 6-10 negligently failed to train CITY officers to comply with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of CITY were not adequate to train its police officers to handle the usual and recurring situations with residents that said Defendants have contact with. *Id*. at ¶ 84.

- The training policies of the CITY were deficient in the following ways:
    (a) The CITY failed to properly train CITY police officers, such as DEFENDANT OFFICERS, on appropriate circumstances and manner for a warrantless entry into a

dwelling, including but not limited to the need for exigent circumstances for a warrantless entry and to "knock and announce" prior to entry. On information and belief, there were no exigent circumstances present at the time DEFENDANT OFFICERS made a warrantless entry into Edwin Salazar's dwelling. Additionally, on information and belief, DEFENDANT OFFICERS failed to knock and announce themselves prior to their warrantless entry into Edwin Salazar's dwelling. *Id*. at ¶ 85(a).

(b) The CITY failed to properly train CITY policy officers, such as DEFENDANT OFFICERS, on appropriate and proportional responses to potential domestic disturbance or domestic violence call. On information and belief, DEFENDANT OFFICERS failed to coordinate a tactical plan of approach, failed to attempt to obtain a history of calls to the location, and failed to attempt to obtain a history of the parties. Had they done so, DEFENDANT OFFICERS would have known that neither location or the parties had any prior history of calls for service. DEFENDANT OFFICERS further failed to listen outside of the location door to determine the level, if any, of aggression. Had DEFENDANT OFFICERS done so, they would not have executed a warrantless entry into the location as there were no signs of aggression or violence coming from the location. *Id*. at ¶ 85(b)

(c) The CITY Failed to properly train the police officers, such as DEFENDANT OFFICERS, so that officers do not escalate their interaction with members of the public and do not overreact and resort to use of deadly force when the use of force was not necessary. On information and belief, DEFENDANT OFFICERS unnecessarily escalated the situation when they used deadly force against Edwin Salazar within seconds of making a warrantless entry into his dwelling even though Edwin Salazar did not pose an immediate threat of death or serious bodily injury at the time of the shooting. *Id*. at ¶ 85(c).

(d) The CITY failed to properly train CITY police officers, such as DEFENDANT OFFICERS, in proper police tactics,

such as situational awareness so that police officers do not utilize negligent tactics. Because of this lack of proper training by the CITY, the DEFENDANT OFFICERS did not use proper police tactics in handling of the contact with Edwin Salazar, and instead used defective police tactics, including the lack of situational awareness by the said Defendants. These defective tactics resulted in the death of Edwin Salazar. *Id*. at ¶ 85(d).

(e) The CITY failed to properly train CITY police officers, such as DEFENDANT OFFICERS, in the use of effective communication prior to using force. Because of the lack of proper training by the CITY, said Defendants did not use effective communication prior to and during the use of force against Edwin Salazar, including but not limited to failing to identify themselves as police officers, failure to issue adequate commands and to give Edwin Salazar the opportunity to comply, and failure to provide a warning that they were prepared to use deadly force. The ineffective communication of information by said Defendants prior to, and during the incident, resulted in the death of Edwin Salazar. *Id*. at ¶ 85(e).

- The failure of Defendants CITY and DOES 6-10 to provide adequate training caused the deprivation of Edwin Salazar's and Plaintiffs' rights by said Defendants; that is, Defendants CITY and DOES 6-10's failure to train is so closely related to the deprivation of the Edwin Salazar's and Plaintiffs' rights as to be the moving force that caused the ultimate injury. *Id*. at ¶ 86.

### 3. Plaintiffs' Allegations are Insufficient

As demonstrated above, the FAC includes general and conclusory allegations about failure to train and supervise. No factual allegations exist about (1) how the training and supervision of any specific deputy are allegedly deficient; (2) a pattern of similar constitutional violations occurred; (3) deliberate indifference; or (3) that the failure to train was so patently obvious that the City could even be liable under Section 1983. *See City of Canton*, 489 U.S. at 388; *Connick*, 563 U.S. at 61; *Benavidez*, 993 F.3d at 1160; *Blankenhorn*, 485 F.3d at

484 (9th Cir. 2007); *Davis,* 869 F.2d at 1235; *City of Canton*, 489 U.S. at 390 (a pattern is unnecessary when the unconstitutional consequences of failing to train are so patently obvious that a City could be liable under Section 1983 without proof of a pre-existing pattern of violations.) Failing to do so means that plaintiffs must plead a pre-existing pattern of unconstitutional violations. Nothing in plaintiffs' allegations rises to the level of a pattern of unconstitutional violations. *A.G.*, 2025 U.S. Dist. LEXIS 55630, at *10-11. In fact, plaintiffs' complaint fails to allege any prior instances. The only isolated instance they even refer to is the one incident in this case.

## IV.  CONCLUSION

This Court should dismiss plaintiffs third and fourth (erroneously titled fifth claim for relief) claims for relief without leave to amend.

Dated: February 13, 2026               Dean Gazzo Roistacher LLP

                                        By: */s/ Brooke M. Mesner*
                                            Mitchell D. Dean
                                            Brooke Mesner
                                            Attorneys for Defendants
                                            City of Murrieta, Mark
                                            Kwiatkowski, Michael Mulligan,
                                            Ronald Smith, Phillip Stinnett, Jacob
                                            Fernandez, and Travis Baker