**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE RAZON-SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; ALDWIN SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; EDLINE SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; GABRIELA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; and MIYA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MURRIETA; MARK KWIATKOWSKI; MICHAEL MULLIGAN; RONALD SMITH; PHILLIP STINNETT; JACOB FERNANDEZ; TRAVIS BAKER; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 5:25-cv-03433-AH-SK <br><br> *Assigned to: Honorable Anne Hwang* <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AND FOURTH CAUSES OF ACTION FROM PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Hearing Date:  March 25, 2026 <br> Time:              1:30 p.m. <br> Courtroom:     9C |

1

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

## **I.    INTRODUCTION**

3      This civil rights case arises out of the officer-involved shooting death of Edwin

4  Salazar ("Decedent") on January 29, 2025. The plaintiffs are Decedent's wife, Anne

5  Razon-Salazar, and decedent's four children, Aldwin Salazar, Edline Salazar,

6  Gabriela Salazar, and Miya Salazar. Plaintiffs have brought federal and state law

7  claims stemming from their death of their husband and father. Defendants now move

8  to dismiss Plaintiff's Fourteenth Amendment claim for unlawful interference of

9  familial relationship and Plaintiff's Municipal Liability claim for inadequate training

10  for failure to state a claim. For the reasons discussed below, Plaintiffs oppose

11  Defendants' motion in its entirety.

12

## **II.    LEGAL STANDARD**

13      Federal Rule of Civil Procedure 12(b)(6) must be read in conjunction with

14  Federal Rule of Civil Procedure 8, which "marks a notable and generous departure

15  from the hypertechnical, code-pleading regime of a prior era." *Ashcroft v. Iqbal*, 556

16  U.S. 662, 678 (2009). Rule 8 requires the plaintiff to make only (1) a short and plain

17  statement of the court's jurisdiction, (2) a short and plain statement of the claim

18  showing that the plaintiff is entitled to relief, and (3) a demand for judgment and

19  relief. *Davis v. Passman*, 442 U.S. 228 (1979); *Ileto v. Glock, Inc.*, 349 F.3d 1191,

20  1200 (9th Cir. 2003). Under federal notice pleading, the complaint must allege

21  "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

22  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated

23  adequately, it may be supported by showing any set of facts consistent with the

24  allegations in the complaint." *Id*. at 563. In deciding whether a pleading states a

25  plausible claim for relief, the court considers the complaint's factual allegations,

26  "together with all reasonable inferences" from those allegations. *Cafasso, U.S. ex rel.*

27  *v. Gen. Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011); *Capogrosso*

28  *v. Sup. Ct.*, 588 F.3d 180, 184 (3rd Cir. 2009). "A claim has facial plausibility when

2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AND
FOURTH CAUSES OF ACTION FROM PLAINTIFFS' FIRST AMENDED COMPLAINT

1  the plaintiff pleads factual content that allows the court to draw the reasonable

2  inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S.

3  at 662.

4  　　Further, under federal notice pleading, courts are liberal in construing

5  complaints in favor of plaintiffs, and allegations of material fact are taken as true and

6  construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 U.S.

7  89, 94 (2007); *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1003-04 (9th Cir.

8  2008). In reviewing a dismissal for failure to state a claim under Federal Rule of Civil

9  Procedure Rule 12(b)(6), the court must accept all material allegations in the

10  complaint as true and construe them in the light most favorable to the appellant. *N.*

11  *Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 580 (9th Cir. 1983). In *Conley v.*

12  *Gibson*, 355 U.S. 41 (1957), the United States Supreme Court explained that

13  dismissal for failure to state a claim should only be granted under narrow

14  circumstances, and complaints should not be dismissed unless it appears beyond

15  doubt that the plaintiff cannot prove any facts supporting her claim entitling her to

16  relief. *Conley*, 355 U.S. at 45-46.

　　Civil rights actions are governed by the pleading requirements of Federal Rules

17  of Civil Procedure 8. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). There is

18  no heightened pleading requirement for civil rights cases, and the United States

19  Supreme Court has repeatedly rejected attempts by the Courts of Appeals to impose

20  heightened pleading requirements in civil rights cases. *Id.*, *Leatherman v. Tarrant*

21  *Cnty.*, 507 U.S. 163 (1993). To assert a claim under 42 U.S.C. § 1983, a plaintiff has

22  an obligation to put the defendants and the court on notice of what claims are raised

23  in his or her complaint by properly alleging that she has been deprived a federal

24  statutory or constitutional right by a person acting under color of state or local law.

25  *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).

//

26  //

27  //

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AND
FOURTH CAUSES OF ACTION FROM PLAINTIFFS' FIRST AMENDED COMPLAINT

1  ## III.    <u>ARGUMENT</u>

2  ### A. Decedent's Children Have Sufficiently Pled Facts to Support Their

3  ### Standing to Bring Their Fourteenth Amendment Claim for Unlawful

4  ### Interference with Familial Relations

5       The Ninth Circuit has generally recognized that "[a] decedent's parents and

6  children generally have the right to assert substantive due process claims under the

7  Fourteenth Amendment." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1054 (9th

8  Cir. 2018). "A decedent's…children generally have the right to assert substantive due

9  process claims under the Fourteenth Amendment." *Id.* at 1058. However, to have

10 standing, the child must allege more than "the mere existence of a biological link"

11 and show that the parent "maintain[ed] consistent involvement in a child's life,"

12 including any "enduring relationships reflecting an assumption of parental

13 responsibility" or "emotional attachments that derive from the intimacy of daily

14 association." *Id.*

15      Here, Plaintiffs Aldwin Salazar, Edline Salazar, Gabriela Salazar, and Miya

16 Salazar have alleged sufficient facts to support the reasonable inference that

17 Decedent Edwin Salazar maintained consistent involvement in their lives, assumed

18 parental responsibility for them, and had emotional attachments from the intimacy of

19 daily association. Aldwin and Edline Salazar have pled that they lived with Decedent

20 until their parents' separation, after which time Decedent shared joint custody of the

21 two, regularly kept in contact with them, and maintained a loving relationship with

22 them. They further pled that even after reaching adulthood, Decedent maintained

23 regular contact and enjoyed a close, loving relationship with the two. These facts are

24 sufficient for the Court to reasonably infer that Decedent assumed parental

25 responsibility for them and maintained consistent involvement in their lives (living

26 together, sharing joint custody while still maintaining consistent contact with the

27 children, and continuing to maintain regular contact after they reached adulthood).

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AND
FOURTH CAUSES OF ACTION FROM PLAINTIFFS' FIRST AMENDED COMPLAINT

1  Gabriela and Miya have sufficiently pled facts to support their Fourteenth

2  Amendment standing as well, given that they lived with Decedent all their lives and

3  enjoyed a close, loving relationship with Decedent, thereby giving rise to the

4  inference that Decedent assumed parental responsibility of Gabriela and Miya,

5  maintained consistent contact, and developed emotional attachments from their daily

6  contact and association.

7        In *Estate of Sosa v. Redondo Beach Police Department*, No. CV 25-2547 PA

8  (JPRX), 2026 WL 127086 (C.D. Cal. Jan. 9, 2026), the district court found similarly

9  pled facts—that the decedent had a close relationship with the child, saw each other

10  twice a week, spend holidays with each other, and provided financial support to the

11  child—to be sufficient to support standing for the child to assert a Fourteenth

12  Amendment claim for deprivation of familial relationship. 2026 WL 127086, at *5.

13  In *Barnaba for A.N.Y. v. County of San Diego*, No. 23-CV-01622-AJB-SBC, 2025

14  WL 2084928 (S.D. Cal. July 24, 2025), the district court found that allegations in the

15  complaint that the decedent was close to the child, loved his company, and that the

16  child visited the decedent's home multiple times a week, to be sufficient to support

17  the child's standing under the Fourteenth Amendment. 2025 WL 2084928, at *3. In

18  *S.L. v. County of Riverside*, No. 5:24-CV-00249-CAS-SPX, 2025 WL 1755147 (C.D.

19  Cal. June 23, 2025), the district court found that there was a genuine dispute of

20  material fact as to whether the decedent maintained consistent involvement in his

21  child's life, where the child lived with decedent for extended periods of time, and

22  when they did not live together, the decedent spoke with the child over the phone,

23  sent letters, and provided money and supplies for the child's care. 2025 WL 1755147,

24  at *12.

25        The cases Decedent cite in support of their arguments are distinguishable.

26  *Wheeler v. City of Santa Clara*, 894 F.3d 1046 (9th Cir. 2018) dealt with a plaintiff

27  who was the biological son of the decedent but was adopted by other parents as an

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AND
FOURTH CAUSES OF ACTION FROM PLAINTIFFS' FIRST AMENDED COMPLAINT

1  infant. 894 F.3d at 1050. There, the Ninth Circuit found that because the complaint

2  "did not allege that [the decedent] raised him, otherwise resumed responsibility for

3  his upbringing, or even maintained consistent contact with him during the

4  childhood," the "relationship…did not have the structure of parental relationships

5  protected by the Fourteenth Amendment." *Id.* at 1058-59. Importantly, the Ninth

6  Circuit was expressly "confined [its] holding" to the facts of that case. 894 F.3d at

7  1058; *see Est. of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2022 WL 1123117,

8  at *24 (E.D. Cal. Apr. 14, 2022) (recognizing that the "Ninth Circuit was careful to

9  limit its holding to the facts of the case."). Here, there are no allegations that

10  Decedent ever lost custody of his children; indeed, the First Amended Complaint

11  explicitly and implicitly show that Decedent maintained custody and parental

12  responsibilities for all his children for the entirety of their childhoods.

13    *Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189 (E.D. Cal. 2019) is

14  also distinguishable as the complaint in that case only included perfunctory language

15  that the plaintiffs "cohabitated" with the decedent and "shared a close and special

16  bond" with him, failing to show that the decedent maintained consistent contact and

17  assumed any type of parental responsibility for the plaintiffs. 390 F. Supp. at 1216.

18  *Estate of Chivrell v. City of Arcata*, 623 F. Supp. 3d 1032 (N.D. Cal. 2022) is

19  similarly distinguishable as the plaintiffs there only pled a "special bond" with the

20  decedent and failed to provide any facts or information that could lead a court to infer

21  that the decedent maintained consistent involvement in their lives or developed deep

22  emotional attachments from daily association. 623 F. Supp. at 1044. Similar barebone

23  allegations are found in *Terry v. City of Pasadena*, No. CV1807730SJORAOX, 2019

24  WL 4139257 (C.D. Cal. June 17, 2019), where the plaintiffs only alleged that the

25  decedent "loved and spent time" with the child and failed to allege any facts to

26  support an inference that the decedent raised the child or maintained consistent

27  contact with the child. 2019 WL 4139257, at *5.

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AND
FOURTH CAUSES OF ACTION FROM PLAINTIFFS' FIRST AMENDED COMPLAINT

1

**B. Decedent's Wife Has Standing to Bring Her Fourteenth Amendment**

2

**Unlawful Interference of Familial Relations Claim**

3      While the Ninth Circuit has never directly held that there is a substantive due

4 process right to the familial association of one's spouse, in *Byrd v. Guess*, 137 F.3d

5 1126 (9th Cir. 1998), *superseded by status on other grounds as recognized in Little v.*

6 *City of Manhattan Beach*, 21 Fed. App'x 651 (9th Cir. 2001), the Ninth Circuit

7 assumed that such standing existed. 137 F.3d at 1133-34 (discussing appropriate

8 standard for wife's Fourteenth Amendment claim for violation of "liberty interest in

9 the companionship and society" of her deceased husband). Additionally, numerous

10 courts within this circuit have also concluded that there is a substantive due process

11 right to the familial relationship of one's spouse. *See, e.g., Rasey-Smith v. City of Los*

12 *Angeles*, No. 2:24-CV-03265-MWC-SSC, 2026 WL 252567, at *9 (C.D. Cal. Jan. 15,

13 2026) ("Given that courts have found 'cohabitating partnered relationships' to be

14 protected by the Fourteenth Amendment…the Court finds the spousal relationship

15 between [plaintiff] and Decedent is protected as well."); *Est. of Valentine v. Cnty. of*

16 *Merced*, No. 1:23-CV-01697-JLT-SAB, 2024 WL 4374303, at *31 (E.D. Cal. Oct. 2,

17 2024) ("[T]he majority of district courts in this circuit to tackle the question have

18 found that spouses have a right to familial association.") (citing *Hanington v.*

19 *Multnomah Cnty.*, 593 F.Supp.3d 1022, 1043 (D. Or. 2022)); *Est. of Brown v.*

20 *Lambert*, 478 F. Supp. 3d 1006, 1021–22 (S.D. Cal. 2020) (collecting cases);

21 *Morales v. City of Delano*, 852 F. Supp. 2d 1253, 1273–74 (E.D. Cal. 2012) (the

22 same principles establishing a constitutional interest in the companionship of parents

23 and their children "establish a constitutional basis for the right of spouses to the

24 support and companionship of each other).

25      Here, Plaintiff Anne Razon-Salazar has pled sufficient facts to support her

26 standing to bring a Fourteenth Amendment claim for unlawful interference with the

27 familial relationship between her and her husband, Decedent. Plaintiff alleges that

28

7

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AND
FOURTH CAUSES OF ACTION FROM PLAINTIFFS' FIRST AMENDED COMPLAINT

1    she was married to Decedent for over twenty years, lived with him for the entirety of

2    their marriage, and enjoyed a close, loving relationship with Decedent. These facts

3    are sufficient to support a reasonable inference that she and Decedent developed

4    "emotional attachments from their daily contact and association." Accordingly,

5    Plaintiff Anne Razon-Salazar has sufficiently pled standing to bring her Fourteenth

6    Amendment claim.

7        **C. Plaintiffs have Sufficiently Pled Facts to Support Their Municipal**

8        **Liability—Inadequate Training Claim**

9        "[A] local governmental body may be liable if it has a policy of inaction and

10   such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*,

11   954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton v. Harris*, 489 U.S. 378,

12   388 (1989). "A policy of inaction or omission may be based on failure to implement

13   procedural safeguards to prevent constitutional violations." *Tsao v. Desert Place,*

14   *Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012). A local government's failure to train its

15   employees "may serve as the basis for § 1983 liability…where the failure to train

16   amounts to deliberate indifference to the rights of persons with whom the police

17   come into contact." *City of Canton*, 489 U.S. at 388. Here, Plaintiffs contend that this

18   policy of inaction includes a failure to adequately train police officers working for the

19   City of Murrieta. A plaintiff alleging a failure to train claim must show: (1) he was

20   deprived of a constitutional right; (2) the municipality had a training policy that

21   "amounts to deliberate indifference to the [constitutional] rights of the persons with

22   whom [its police officers] are likely to come into contact"; and (3) his or her

23   constitutional injury would have been avoided had the municipality properly trained

24   those officers. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).

25       While a pattern of constitutional violations by untrained employees is

26   generally required to demonstrate deliberate indifference, the Supreme Court has

27   "left open the possibility that, in a narrow range of circumstances, a pattern of similar

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AND
FOURTH CAUSES OF ACTION FROM PLAINTIFFS' FIRST AMENDED COMPLAINT

1  violations might not be necessary to show deliberate indifference". *Connick v.*

2  *Thompson*, 563 U.S. 51, 61, 63-64 (2011) (cleaned up). For example, in *City of*

3  *Canton v. Harris*, 489 U.S. 378 (1989), the Supreme Court opined that a single

4  incident of excessive force, coupled with evidence that the city had neglected to train

5  its armed officers on the constitutional limitations on using force against fleeing

6  felons, may establish that the city was deliberately indifference in training its officers.

7  489 U.S. at 390 n.10. In doing so, the Supreme Court noted that because "city

8  policymakers know to a moral certainty that their police officers will be required to

9  arrest fleeing felons," arming those officers with firearms without training them on

10 the constitutional limitations of the use of deadly force can amount to "obvious"

11 deliberate indifference. *Id.* Similarly here, it is fairly certain that officers will be

12 required to respond to domestic disturbance or domestic violence calls, and that from

13 time to time, they will be required to make entry into a dwelling, with or without a

14 warrant. Thus, the City of Murrieta's failure to train its officers on knocking and

15 announcing prior to a warrantless entry, and its failure to train officers on how to

16 appropriately respond to domestic disturbance or domestic violence calls coupled

17 with the defendant officers' use of excessive, deadly force against Decedent, as

18 alleged in the First Amended Complaint (FAC ¶ 85(a)-(e)), is sufficient to support an

19 finding of "obvious" deliberate indifference by the City without needing a pattern of

20 similar violations. *See Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 796–97 (9th

21 Cir. 2016) (County's lack of training on obtaining warrants before removing children

22 from parental custody coupled with evidence that social workers violated the

23 plaintiff's Fourth Amendment rights could lead a jury to reasonable find § 1983

24 liability without needing a pattern of violations to find the County culpable).

25 Accordingly, Plaintiffs have pled sufficient facts to support their § 1983 Inadequate

26 Training claim.

27 //

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AND
FOURTH CAUSES OF ACTION FROM PLAINTIFFS' FIRST AMENDED COMPLAINT

## IV.    IF THE COURT FINDS BASIS TO GRANT DEFENDANTS' MOTION TO DISMISS, LEAVE TO AMEND SHOULD BE GRANTED

Plaintiffs contend that Plaintiffs have pled sufficient facts to support their Fourteenth Amendment claim and their § 1983 Inadequate Training claim. However, should the Court find the allegations to be insufficient, Plaintiffs request leave to amend their complaint to address any deficiencies that the Court may find.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss Third and Fourth Causes of Action from Plaintiffs' First Amended Complaint in its entirety. Should the Court find the current allegations to be lacking, Plaintiffs respectfully request leave to amend the complaint.

Respectfully submitted,

DATED:  March 4, 2026             LAW OFFICES OF DALE K. GALIPO


By _____ */s/ Hang D. Le*
        Dale K. Galipo
        Hang D. Le
        Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AND
FOURTH CAUSES OF ACTION FROM PLAINTIFFS' FIRST AMENDED COMPLAINT

## **Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 2,738 words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 4, 2026            LAW OFFICES OF DALE K. GALIPO


                        By_____*/s/ Hang D. Le*_____
                           Dale K. Galipo
                           Hang D. Le
                           Attorneys for Plaintiffs