**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE RAZON-SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; ALDWIN SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; EDLINE SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; GABRIELA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; and MIYA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MURRIETA; MARK KWIATKOWSKI; MICHAEL MULLIGAN; RONALD SMITH; PHILLIP STINNETT; JACOB FERNANDEZ; TRAVIS BAKER; and DOES 1 through 10, inclusive, <br><br> Defendants. | **SECOND AMENDED COMPLAINT FOR DAMAGES** <br><br> Case No. 5:25-cv-03433-AH-SK <br><br> 1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983) <br> 2. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983) <br> 3. Fourteenth Amendments, Interference with Familial Relationship (42 U.S.C. § 1983) <br> 4. Battery (Wrongful Death/Survival) <br> 5. Negligence (Wrongful Death/Survival) <br> 6. Negligent Infliction of Emotional Distress, Bystander <br> 7. Violation of Bane Act (Cal. Civil Code §52.1) <br><br> **DEMAND FOR JURY TRIAL** |

**SECOND AMENDED COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs ANNE RAZON-SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; ALDWIN SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; EDLINE SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; GABRIELA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; and MIYA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar (collectively, "Plaintiffs"), for their Complaint against Defendants CITY OF MURRIETA, MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1 through 10, inclusive (collectively, "Defendants"), and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and because, on information and belief, all Defendants reside in this district.

**INTRODUCTION**

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' husband and father, Edwin Salazar, on January 29, 2025.

4. Plaintiffs allege that the death of Edwin Salazar was a result of Defendants' excessive use of deadly force, Defendants' failure to timely provide

**SECOND AMENDED COMPLAINT FOR DAMAGES**

reasonable medical care to Edwin Salazar despite his serious medical condition after being shot, Defendants' deliberate indifference to Edwin Salazar's Constitutional rights, and Defendants' negligence.

5. The policies and customs behind shootings of civilians such as Edwin Salazar, and the failure to de-escalate the interaction and employ less-lethal weapons are fundamentally unconstitutional and have violated the civil rights of residents of the CITY, such as Plaintiffs and Edwin Salazar. Accordingly, Plaintiffs herein seek by means of this civil rights action to hold accountable those responsible for the death of Edwin Salazar, and to challenge the unconstitutional policies and practices of the CITY.

## PARTIES

6. At all relevant times, Edwin Salazar was an individual residing in the City of Murrieta, California.

7. Plaintiff ANNE RAZON-SALAZAR is an individual residing in the city of Murrieta, California, and is the wife of Edwin Salazar. ANNE RAZON-SALAZAR sues in her individual capacity as the wife of Edwin Salazar and a representative capacity as successor-in-interest to Edwin Salazar pursuant to California Code of Civil Procedure §377.60. ANNE RAZON-SALAZAR seeks both survival and wrongful death damages under federal and state law.

8. Plaintiff ALDWIN SALAZAR is an individual residing in the city of Murrieta, California and is the natural son of Edwin Salazar. ALDWIN SALAZAR sues in his individual capacity as the son of Edwin Salazar and a representative capacity as successor-in-interest to Edwin Salazar pursuant to California Code of Civil Procedure §377.60. ALDWIN SALAZAR seeks both survival and wrongful death damages under federal and state law.

9. Plaintiff EDLINE SALAZAR is an individual residing in the city of Murrieta, California and is the natural daughter of Edwin Salazar. EDLINE SALAZAR sues in her individual capacity as the daughter of Edwin Salazar and a

3

**SECOND AMENDED COMPLAINT FOR DAMAGES**

representative capacity as a successor-in-interest to Edwin Salazar pursuant to California Code of Civil Procedure §377.60. EDLINE SALAZAR seeks both survival and wrongful death damages under federal and state law.

10. Plaintiff GABRIELA SALAZAR is an individual residing in the city of Murrieta, California and is the natural daughter of Edwin Salazar. GABRIELA SALAZAR sues in her individual capacity as the daughter of Edwin Salazar and a representative capacity as successor-in-interest to Edwin Salazar pursuant to California Code of Civil Procedure §377.60. GABRIELA SALAZAR seeks both survival and wrongful death damages under federal and state law.

11. Plaintiff MIYA SALAZAR is an individual residing in the city of Murrieta, California and is the natural daughter of Edwin Salazar. MIYA SALAZAR sues in her individual capacity as the daughter of Edwin Salazar and a representative capacity as successor-in-interest to Edwin Salazar pursuant to California Code of Civil Procedure §377.60. MIYA SALAZAR seeks both survival and wrongful death damages under federal and state law.

12. At all relevant times, Defendant CITY OF MURRIETA ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Murrieta Police Department ("MPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CITY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of some or all of Defendants MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNET, and DOES 1-10 ("DEFENDANT OFFICERS").

13. Defendant MARK KWIATKOWSKI is a police officer for the CITY's

4

**SECOND AMENDED COMPLAINT FOR DAMAGES**

Police Department. At all relevant times, MARK KIWATKOWSKI was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

14.    Defendant MICHAEL MULLIGAN is a police officer for the CITY's Police Department. At all relevant times, MICHAEL MULLIGAN was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

15.    Defendant RONALD SMITH is a police officer for the CITY's Police Department. At all relevant times, RONALD SMITH was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

16.    Defendant PHILLIP STINNETT is a police officer for the CITY's Police Department. At all relevant times, PHILLIP STINNETT was acting under color of law within the course and scope of his duties as an officer for the Murrieta Police Department; and was acting with the complete authority and ratification of his principal, Defendant CITY.

17.    Defendants DOES 1-5 are police officers for the CITY's Police Department ("DOE OFFICERS").  At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the Murrieta Police Department; and were acting with the complete authority and ratification of their principal, Defendant CITY.

18.    Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees for the CITY's Police Department, who at all relevant times were acting under color of law within the course and scope of their duties as managerial, supervisoria, and policymaking employees for the MPD. DOES 6-10 were acting

**SECOND AMENDED COMPLAINT FOR DAMAGES**

with the complete authority and ratification of their principal, Defendant CITY.

19.    On information and belief, KWIATKOWSKI, MULLIGAN, SMITH, STINNETT, and DOES 1-5 ("DEFENDANT OFFICERS") were residents of the City of Murrieta, California at all relevant times.

20.    In doing the acts, failings, and/or omissions as hereinafter described, DEFENDANT OFFICERS were acting on the implied and actual permission and consent of DOES 6-10 and the Defendant CITY.

21.    The true names and capacities, whether individual, corporate, association or otherwise of Defendant DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this compliant to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictiously named Defendants is responsible in some manner for the conduct or liabilities alleged herin.

22.    Defendants KWIATKOWSKI, MULLIGAN, SMITH, STINNETT, and DOES 1-10 are sued in their individual capacities.

23.    At all times mentioned herein, each and every Defenadant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

24.    All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained herein.

25.    On or around July 21, 2025, Plaintiffs filed comprehensive and timely claims for damages with the City of Murrieta pursuant to the applicable sections of the California Government Code. The City of Murrieta received Plaintiffs claims on July 24, 2025. Said claim was denied by operation of law pursuant to the California Government Code § 912.4.

6

**SECOND AMENDED COMPLAINT FOR DAMAGES**

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

26.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

27.    On or about January 29, 2025, DEFENDANT OFFICERS responded to a call at or near 36152 Creighton Ave in the City of Murrieta, California.

28.    Thereafter, DEFENDANT OFFICERS escalated the situation when they breached the door to the apartment of Edwin Salazar, Anne Razon-Salazar, and Miya Salazar, and immediately pointed their firearms at Edwin Salazar. Plaintiffs ANNE RAZON-SALAZAR and MIYA SALAZAR were in the home with Edwin Salazar.

29.    Within moments of entering the apartment, Defendants KWIATKOWSKI and MULLIGAN intentionally discharged their firearms at Edwin Salazar, striking and killing him.

30.    On information and belief, at the time of the shooting, Edwin Salazar posed no immediate threat of death or serious physical injury to DEFENDANT OFFICERS, or any other person.

31.    On information and belief, at the time of the shooting, Edwin Salazar had made no aggressive movements, had not aimed any weapon toward DEFENDANT OFFICERS or any other person, had not moved toward DEFENDANT OFFICERS in any manner, and did not make any furtive movements that would suggest to a reasonable officer that Edwin Salazar was attempting or intending to inflict harm to DEFENDANT OFFICERS or anyone else.

32.    At no time during the encounter did Edwin Salazar verbally threaten to harm anyone.

33.    On information and belief, at the time of the shooting, DEFENDANT OFFICERS had no information that Edwin Salazar had committed any crime, had any criminal history, or had ever physically harmed anyone.

34.    Prior to the shooting, DEFENDANT OFFICERS did not issue

7

**SECOND AMENDED COMPLAINT FOR DAMAGES**

appropriate commands to Edwin Salazar.

35.     Edwin Salazar was standing inside of his home and did not pose an immediate threat to anyone at the time KWIATKOWSKI and MULLIGAN shot and killed him. On information and belief, DEFENDANT OFFICERS had alternate means of neutralizing and/or effectuating the seizure of Edwin Salazar available, including through any of a variety of readily available less-than-lethal means or strategies. The force used by the Defendants KIWATKOWSKI and MULLIGAN, was unnecessary, excessive, and unreasonable under the totality of the circumstances.

36.     KIWATKOWSKI and MULLIGAN shot Edwin Salazar even though he was not an immediate threat of death or serious bodily injury to them or anyone else and there were other less lethal options available. KIWATKOWSKI and MULLIGAN did not show a reverance for human life, and this was not an immediate defense of life situation.

37.     Based on information and belief, after KIWATKOWSKI and MULLIGAN discharged their firearms and DEFENDANT OFFICERS became aware of Edwin Salazar's deteriorating physical condition, Defendants waited several minutes before summoning paramedics to render medical care, and further delayed paramedics' access to Edwin Salazar upon arrival.

38.     Edwin Salazar died as a result of his injuries caused by DEFENDANT OFFICERS.

39.     Plaintiffs ANNE RAZON-SALAZAR, ALDWIN SALAZAR, EDLINE SALAZAR, GABRIELA SALAZAR, and MIYA SALAZAR are Edwin Salazar's successors in interest as defined in Section 377.11 of the Califoria Code of Civil Procedure and succeed to Edwin Salazar's interest in this action as the wife and natural children of Edwin Salazar.

//

//

//

8

**SECOND AMENDED COMPLAINT FOR DAMAGES**

## **FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

(All Plaintiffs against Defendants MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1-5)

40.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41.     The unreasonable use of force by Defendants KIWATKOWSKI and MULLIGAN deprived Edwin Salazar of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Edwin Salazar under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.     As a result, Edwin Salazar suffered extreme pain and suffering and eventually suffered a loss of life.

43.     As a result of the conduct of DEFENDANT OFFICERS, they are liable for Edwin Salazar's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

44.     This use of deadly force was excessive and unreasonable under the circumstances, as Edwin Salazar did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting. Defendants' actions thus deprived Edwin Salazar of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

45.     The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Edwin Salazar and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

46.     Plaintiffs bring this claim as successors-in-interest to Edwin Salazar and seek both survival damages, including pain and suffering and loss of life, for the

9

**SECOND AMENDED COMPLAINT FOR DAMAGES**

violation of Edwin Salazar's rights. Plaintiffs also seek attorney's fees, costs, and punitive damages under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment - Denial of Medical Care (42 U.S.C. § 1983)

(All Plaintiffs against Defendants MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1-5)

47.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

48.    The denial of medical care by DEFENDANT OFFICERS deprived Edwin Salazar of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Edwin Salazar under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.    As a result, Edwin Salazar suffered extreme mental and physical pain and eventually suffered a loss of life and earning capacity.

50.    DEFENDANT OFFICERS knew that failure to provide timely medical treatment to Edwin Salazar could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Edwin Salazar's death.

51.    The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Edwin Salazar and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

52.    Plaintiffs bring this claim as successors-in-interest to Edwin Salazar and seek both survival damages, including pain and suffering and loss of life, for the violation of Edwin Salazar's rights. Plaintiffs also seek attorney's fees, costs, and punitive damages under this claim.

## THIRD CLAIM FOR RELIEF

### Fourteenth Amendment – Interference with Familial Relationship

### (42 U.S.C. § 1983)

(All Plaintiffs against Defendants MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 1-5)

53.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54.     ANNE RAZON-SALAZAR is the legal spouse of Edwin Salazar. ANNE RAZON-SALAZAR was married to Edwin Salazar for over twenty years. ANNE RAZON-SALAZAR and Edwin Salazar cohabitated from the day that they wed until Edwin Salazar's untimely death. The spouses enjoyed a close, loving relationship that endured until Edwin Salazar's untimely death.

55.     ALDWIN SALAZAR is the eldest biological son of Edwin Salazar. ADLWIN SALAZAR exclusively lived with his father, Edwin Salazar, and his mother until her parents separated. After Edwin Salazar separated and subsequently was divorced from ALDWIN SALAZAR's mother, Edwin Salazar shared joint custody of ALDWIN SALAZAR, regularly kept in contact, and maintained a continuing, loving relationship with his son, ALDWIN SALAZAR. After ALDWIN SALAZAR reached adulthood, ALDWIN SALAZAR and Edwin Salazar maintained regular contact through phone calls, texts, and visits. ADLWIN SALAZAR and Edwin Salazar enjoyed a close, loving relationship until Edwin Salazar's untimley death.

56.     EDLINE SALAZAR is the biological daughter of Edwin Salazar. EDLINE SALAZAR exclusively lived with her father, Edwin Salazar, and her mother until her parents separated. After Edwin Salazar separated and subsequently was divorced from EDLINE SALAZAR's mother, Edwin Salazar shared joint custody of EDLINE SALAZAR, regularly kept in contact, and maintained a

continuing, loving relationship with his daughter, EDLINE SALAZAR. After EDLINE SALAZAR reached adulthood, EDLINE SALAZAR and Edwin Salazar maintained regular contact through phone calls, texts, and visits. EDLINE SALAZAR and Edwin Salazar enjoyed a close, loving relationship until Edwin Salazar's untimley death.

57.    GABRIELA SALAZAR is the biological daughter of Edwin Salazar. GABRIELA SALAZAR lived with Edwin Salazar from birth until Edwin Salazar's untimely death in 2025. GABRIELA SALAZAR and Edwin Salazar enjoyed a close, loving relationship throughout her life until Edwin Salazar's death in 2025.

58.    MIYA SALAZAR is the biological daughter of Edwin Salazar. MIYA SALAZAR lived with Edwin Salazar from birth until Edwin Salazar's untimely death in 2025. MIYA SALAZAR and Edwin Salazar enjoyed a close, loving relationship throughout her life until Edwin Salazar's death in 2025.

59.    ANNE RAZON-SALAZAR, ALDWIN SALAZAR, EDLINE SALAZAR, GABRIELA SALAZAR, and MIYA SALAZAR had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with their husband and father, Edwin Salazar.

60.    As a result of the excessive force by DEFENDANT OFFICERS, Edwin Salazar died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with Edwin Salazar.

61.    The aforementioned actions of DEFENDANT OFFICERS, along with any undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of the Edwin Salazar and Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

62.    DEFENDANT OFFICERS, acting under color of state law, thus violated

**SECOND AMENDED COMPLAINT FOR DAMAGES**

the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted inferference with their familial relationship and right of association with Edwin Salazar.

63.     DEFENDANT OFFICERS, acting under color of state law, thus violated the Fourteenth Amendment rights of Edwin Salazar and Plaintiffs.

64.     As a direct and proximate cause of the actions of DEFENDANT OFFICERS, Plaintiffs have suffered emotionally and have been deprived of the life-long love, companishionship, comfort, support, society, care, and sustenance of Edwin Salazar, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

65.     As a result of the conduct of DEFENDANT OFFICERS, they are liable for Edwin Salazar's injuries and Plaintiffs' damages either because they were integral participants in the use of excessive force or because they failed to prevent these violations.

66.     The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Edwin Salazar and for the rights of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

67.     Plaintiffs bring this claim individually and seek wrongful death damages under this claim for the interference with Plaintiffs' familial relationship and right of association with Edwin Salazar. Plaintiffs also seek attorney's fees, costs, and punitive damages under this claim.

//

//

//

//

//

13

**SECOND AMENDED COMPLAINT FOR DAMAGES**

## FOURTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

### (Wrongful Death/Survival)

(All Plaintiffs Against Defendants KWIATKOWSKI, MULLIGAN, CITY, and DOES 6-10)

79.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

80.    Defendants KWIATKOWSKI and MULLIGAN, while working as a police officers for the CITY Police Department and acting within the course and scope of their duties, intentionally shot Edwin Salazar. Defendants KIWATKOWSKI and MULLIGAN had no legal justification for using deadly force against Salazar and said Defendants' use of force while carrying out their police officer duties was an unreasonable use of force, especially since Edwin Salazar was not an imminent threat to DEFENDANT OFFICERS or anyone else. The use of deadly force was also unreasonable because there were less intrusive options readily available.

81.    As a result of the actions of KWIATKOWSKI and MULLIGAN, Edwin Salazar suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries and lost learning capacity.

82.    CITY is vicariously liable for the wrongful acts of KWIATKOWSKI and MULLIGAN pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

83.    Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

84.    The conduct of KWIATKOWSKI and MULLIGAN was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of

Plaintiffs and Edwin Salazar, entitling Plaintiffs, individually and/or as successor-in-interest to Edwin Salazar, to an award of exemplary and punitive damages. Plaintiffs are also claiming funeral expenses and loss of financial support.

85.    Plaintiffs bring this claim individually and as successors-in-interest to Edwin Salazar and seek both survival damages, including for pre-death pain and suffering, and wrongful death damages under this claim.

### FIFTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

**(Wrongful Death/Survival)**

(All Plaintiffs Against All Defendants)

86.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

87.     The actions and inactions of Defendants were negligent, including but not limited to:

    a.    The failure to properly and adequately train employees including DEFENDANT OFFICERS with regard to the use of force, including deadly force;

    b.    The failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against Edwin Salazar;

    c.    The negligent tactics and handling of the situation with Edwin Salazar, including pre-shooting negligence;

    d.    The negligent detention, arrest, and use of force, including deadly force, against Edwin Salazar;

    e.    The negligent failure to provide and or summon prompt medical care to Edwin Salazar;

**SECOND AMENDED COMPLAINT FOR DAMAGES**

        f.     The failure to give a verbal warning or appropriate commands prior to shooting;

        g.     And failure to properly train and supervise employees, including DEFENDANT OFFICERS.

88.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Edwin Salazar suffered extreme mental and physical pain and suffering and ultimately died and lost earning capacity. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Edwin Salazar, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

89.    CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90.    Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

91.    Plaintiffs bring this claim individually and as successors-in-interest to Edwin Salazar and seek both survival damages, including for pre-death pain and suffering, and wrongful death damages under this claim.

//
//
//
//
//
//

16

**SECOND AMENDED COMPLAINT FOR DAMAGES**

### SIXTH CLAIM FOR RELIEF

**Negligent Infliction of Emotional Distress**

**(Cal. Govt. Code § 820 and California Common Law)**

(Plaintiffs ANNE RAZON-SALAZAR and MIYA SALAZAR Against All Defendants)

92.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

93.     DEFENDANT OFFICERS' negligence caused physical injury and death to Edwin Salazar when DEFENDANT OFFICERS negligently handled the encounter with Edwin Salazar, including negligent pre-force conduct and tactics, and KWIATKOWSKI and MULLIGAN negligently discharged their firearms at Edwin Salazar, striking Edwin Salazar and eventually killing him.

94.     ANNE RAZON-SALAZAR and MIYA SALAZAR were present at the scene when DEFENDANT OFFICERS encountered Edwin Salazar and KIWATKOWSKI and MULLIGAN fatally discharged their firearms at Edwin Salazar and ANNE RAZON-SALAZAR and MIYA SALAZAR were then aware that Edwin Salazar was being injured.

95.     As a result of being present at the scene and perceiving their husband and father, Edwin Salazar, being fatally shot by DEFENDANT OFFICERS, ANNE RAZON-SALAZAR and MIYA SALAZAR suffered serious emotional distress, including but not limited to suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

96.     On information and belief, an ordinary reasonable person would be unable to cope with witnessing their husband or father being fatally shot by the police.

97.     CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which

provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

98. Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

99. Plaintiffs ANNE RAZON-SALAZAR and MIYA SALAZAR bring this claim individually and seek compensatory damages under this claim.

## SEVENTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(All Plaintiffs Against All Defendants)

100. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

101. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (including by the use of unconstitutionally excessive force).

102. Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

103. The Bane Act, the California Constitution and California common law prohibit the use of excessive force, wrongful detention and arrest, and denial of

18

**SECOND AMENDED COMPLAINT FOR DAMAGES**

medical care by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. DEFENDANT OFFICERS violated Edwin Salazar's constitutional rights by wrongfully using excessive force against him, and denying him medical care, all of which acts were done intentionally and with a reckless disregard for Edwin Salazar's constitutional rights.

104.   DEFENDANT OFFICERS' use of deadly force was excessive and unreasonable under the circumstances. Further, the involved officers did not give a verbal warning or any commands prior to fatally shooting Edwin Salazar, despite being feasible to do so. The conduct of DEFENDANT OFFICERS was a substantial factor in causing the harm, losses, injuries, and damages of Edwin Salazar and Plaintiffs.

105.   DEFENDANT OFFICERS intentionally violated Edwin Salazar's constitutional rights by using excessive deadly force against Edwin Salazar, including but not limited to, shooting Edwin Salazar without warning. Further, these acts by DEFENDANT OFFICERS demonstrate that they had a reckless disregard for Edwin Salazar's constitutional rights.

106.   At the time of the shooting Edwin Salazar did not pose an immediate threat of death or serious bodily injury. On information and belief, DEFENDANT OFFICERS intentionally violated Edwin Salazar's rights by unlawfully and fatally shooting him.

107.   DEFENDANT OFFICERS, while working as police officers for the CITY Police Department, and acting within the course and cope of their duties, interfered with or attempted to interfere with the rights of Edwin Salazar to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercsion, or intimidation.

19
**SECOND AMENDED COMPLAINT FOR DAMAGES**

108.    Edwin Salazar was caused to suffer extreme mental and physical pain and suffering and ultimately died and lost earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Edwin Salazar, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also claim funeral and burial expenses and loss of financial support.

109.    The conduct of DEFENDANT OFFICERS was a substantial factor in causing the harm, losses, injuries and damages of Edwin Salazar and Plaintiffs.

110.    Defendant CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

111.    The conduct of DEFENDANT OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Edwin Salazar entitling Plaintiffs to an award of exemplary and punitive damages.

112.    Plaintiffs bring this claim individually and as successors-in-interest to Edwin Salazar and seek compensatory and survival damages, including for his emotional distress, pre-death pain and suffering, loss of life and loss of enjoyment of life under this claim. Plaintiffs also seek treble damages, punitive damages, costs and attorney fees under this claim.

//
//
//
//
//
//
//

20
**SECOND AMENDED COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ANNE RAZON-SALAZAR, ALDWIN SALAZAR, EDLINE SALAZAR, GABRIELA SALAZAR, and MIYA SALAZAR requests entry of judgment in their favor and against Defendants CITY OF MURRIETA, MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, PHILLIP STINNETT, and DOES 10, inclusive, as follows:

A.    For compensatory damages, including both survival and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.    For other general damages in an amount according to proof at trial;

C.    For other non-economic damages in an amount according to proof at trial;

D.    For other special damages in an amount according to proof at trial;

E.    For punitive damages against the individual defendants in an amount to be proven at trial;

F.    Attorney's fees pursuant to 42 U.S.C. § 1988;

G.    Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h)

H.    For interest;

I.    For reasonable costs of this suit; and

J.    For such further other relief as the Court may deem just, proper, and appropriate.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

DATED: April 9, 2026          LAW OFFICES OF DALE K. GALIPO

By         */s/ Hang D. Le*
      Dale K. Galipo
      Hang D. Le
      Attorneys for Plaintiffs

**SECOND AMENDED COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

The Plaintiffs named herein hereby demand a trial by jury.


DATED: April 9, 2026              LAW OFFICES OF DALE K. GALIPO




By _____ */s/ Hang D. Le* _____
        Dale K. Galipo
        Hang D. Le
        Attorneys for Plaintiffs

**SECOND AMENDED COMPLAINT FOR DAMAGES**