Dean Gazzo Roistacher LLP
Mitchell D. Dean, Esq. (SBN 128926)
Brooke Mesner, Esq. (SBN 354265)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:      mdean@deangazzo.com
             bmesner@deangazzo.com

Attorneys for Defendants
City of Murrieta, Mark Kwiatkowski, Michael
Mulligan, Ronald Smith, and Phillip Stinnett

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE RAZON-SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; ALDWIN SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; EDLINE SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; GABRIELA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; and MIYA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MURRIETA; MARK KWIATKOWSKI; MICHAEL MULLIGAN; RONALD SMITH; PHILLIP STINNETT; JACOB FERNANDEZ; TRAVIS BAKER[1]; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:25-cv-03433 AH (SKx)<br><br>**DEFENDANTS CITY OF MURRIETA, MARK KWIATKOWSKI, MICHAEL MULLIGAN, RONALD SMITH, AND PHILLIP STINNETT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Courtroom:  9C<br>Judge:        Hon. Anne Hwang<br>Magistrate:  Hon. Steve Kim<br><br>Complaint Filed: 12/17/2025<br>Trial Date: None set |

///

---

[1] After discussion with plaintiffs' counsel, it was learned that Jacob Fernandez and Travis Baker were inadvertently listed and are not parties to this action.

1

Defendants City of Murrieta, Mark Kwiatkowski, Michael Mulligan, Ronald Smith, and Phillip Stinnett and in response to the Second Amended Complaint on file herein admit, deny, and allege as follows:

## JURISDICTION AND VENUE

1.    Answering defendants admit this Court has jurisdiction and supplemental jurisdiction over the present matter.

2.    Answering defendants admit venue is proper, a substantial part of the events or omissions giving rise to the claims occurred in this jurisdiction.

## INTRODUCTION

3.    Answering defendants respond to paragraph 3 by indicating that no expressed admission by indicating that no expressed admission or denial of applicable law is necessary, and therefore, defendants deny generally and specifically, each and every allegation contained therein.

4.    Answering defendants deny generally and specifically each and every allegation contained in paragraph 4.

5.    The allegations in paragraph 5 contain legal conclusions and hyperbole's to which no answer is required. To the extent that it does require an answer, the answering defendants deny each and every allegation contained therein.

## PARTIES

6.    Answering defendants lack information or belief to respond, and on that basis, deny paragraph 6.

7.    Answering defendants lack information or belief to respond, and on that basis, deny paragraph 7.

8.    Answering defendants lack information or belief to respond, and on that basis, deny paragraph 8.

9.    Answering defendants lack information or belief to respond, and on that basis, deny paragraph 9.

Case No.: 5:25-cv-03433 AH (SKx)

10. Answering defendants lack information or belief to respond, and on that basis, deny paragraph 10.

11. Answering defendants lack information or belief to respond, and on that basis, deny paragraph 11.

12. The answering defendants admit only that the City of Murrieta is and was a municipal corporation existing under the laws of the State of California. The remaining allegations in paragraph 12 contain legal conclusions and hyperboles to which no answer is required.

13. The answering defendants admit that Mark Kiwatkowski is a police officer for the City of Murrieta Police Department and was acting under the color of law within the course and scope of his duties as an officer for the Murrieta Police Department. The answering defendants lack sufficient information or belief to respond to the remaining allegations in paragraph 13, and on that basis deny them.

14. The answering defendants admit that Michael Mulligan is a police officer for the City of Murrieta Police Department and was acting under the color of law within the course and scope of his duties as an officer for the Murrieta Police Department. The answering defendants lack sufficient information or belief to respond to the remaining allegations in paragraph 14, and on that basis deny them.

15. The answering defendants admit that Ronald Smith is a police officer for the City of Murrieta Police Department and was acting under the color of law within the course and scope of his duties as an officer for the Murrieta Police Department. The answering defendants lack sufficient information or belief to respond to the remaining allegations in paragraph 15, and on that basis deny them.

16. The answering defendants admit that Philli Stinnett is a police officer for the City of Murrieta Police Department and was acting under the color of law within the course and scope of his duties as an officer for the Murrieta Police Department. The answering defendants lack sufficient information or belief to respond to the remaining allegations in paragraph 16, and on that basis deny them.

3

17. The answering defendants lack sufficient information or belief to respond to the allegations in paragraph 17, and on that basis deny them.

18. The answering defendants lack sufficient information or belief to respond to the allegations in paragraph 18, and on that basis deny them.

19. Answering paragraph 19, The answering defendants admit that Kiwatkowski, Smith, and Stinner were residents of the City of Murrieta at all relevant times. The answering defendants lack information or belief that Mulligan was a resident of Murrieta at all relevant times, and on that basis deny the allegation. The answering defendants lack information or belief that DOES 6-10 were residents of the City of Murrieta, and on that basis deny that allegation.

20. The answering defendants lack sufficient information or belief to respond to the allegation in paragraph 20, and on that basis deny them.

21. The allegations in paragraph 21 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants lack sufficient information or belief to respond and on that basis, deny the allegations in paragraph 21.

22. Answering defendants admit paragraph 22 as to answering Officers Kwiatkowski, Mulligan, Smith and Stinnett only; however, answering defendants lack information or belief as to DOES 1-10, and, on that basis, deny paragraph 22 as to DOES 1-10.

23. The answering defendants lack sufficient information or belief to respond to the allegation in paragraph 23, and on that basis deny them.

24. The answering defendants lack sufficient information or belief to respond to the allegation in paragraph 23, and on that basis deny them.

25. The answering defendants admit that on or around July 24, 2025, the City received plaintiffs for damages pursuant to the California Government Code.

///

///

4

The answering defendants admit that the claim was denied by operation of law pursuant to California Gov. Code § 912.4. Answering defendants deny the remaining allegations contained in paragraph 25.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

26. Answering paragraph 26, which reincorporates prior paragraphs, answering defendants repeat and re-allege each admission and denial with the same force and effect as if fully set forth herein.

27. Answering defendants admit the allegations in paragraph 27.

28. Answering defendants deny the allegations in paragraph 28.

29. Answering defendants admit only that Kwiatkowski and Mulligan fired shots at decedent. The answering defendants deny the remaining allegations in paragraph 29.

30. Answering defendants deny the allegations in paragraph 30.

31. Answering defendants deny the allegations in paragraph 31.

32. The answering defendants lack sufficient information or belief to respond to the allegations in paragraph 32, and on that basis deny them.

33. Answering defendants deny the allegations in paragraph 33.

34. The allegations in paragraph 34 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 34.

35. The allegations in paragraph 35 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 35.

36. The allegations in paragraph 36 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 36.

37. Answering defendants deny the allegations in paragraph 37.

///

Case No.: 5:25-cv-03433 AH (SKx)

38. The answering defendants lack sufficient information or belief to respond to the allegations in paragraph 38, and on that basis deny them

39. The answering defendants lack sufficient information or belief to respond to the allegations in paragraph 39, and on that basis deny them

## FIRST CLAIM FOR RELIEF

**Fourth Amendment – Unreasonable Search and Seizure –**

**Excessive Force (42 U.S.C. § 1983)**

40. Answering defendants repeat each and every admission and denial in the foregoing paragraphs of this Answer with the same force and effect as if fully set forth herein

41. The allegations in paragraph 41 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 41.

42. Answering defendants lack information or belief to respond to allegations contained within paragraph 42, and on that basis, deny them.

43. The allegations in paragraph 43 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 43.

44. The allegations in paragraph 44 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 44.

45. The allegations in paragraph 45 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 45.

46. The answering defendants lack sufficient information or belief to respond to the allegations in paragraph 46, and on that basis deny them.

///

///

6

Case No.: 5:25-cv-03433 AH (SKx)

## SECOND CLAIM FOR RELIEF

**Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983)**

47.    Answering defendants repeat each and every admission and denial in the foregoing paragraphs of this Answer with the same force and effect as if fully set forth herein

48.    The allegations in paragraph 48 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 48.

49.    The answering defendants lack sufficient information or belief to respond to the allegations in paragraph 49, and on that basis deny them

50.    The allegations in paragraph 50 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 50.

51.    The answering defendants deny the allegations in paragraph 51.

52.    The answering defendants lack information or belief to respond to the allegations in paragraph 52, and on that basis deny them.

## THIRD CLAIM FOR RELIEF

**Fourteenth Amendment – Interference with Familial Relationship**

**(42 U.S.C. § 1983)**

53.    Answering defendants repeat each and every admission and denial in the foregoing paragraphs of this Answer with the same force and effect as if fully set forth herein

54.    The answering defendants lack information or belief to respond to the allegations in paragraph 54, and on that basis deny them.

55.    The answering defendants lack information or belief to respond to the allegations in paragraph 55, and on that basis deny them.

56.    The answering defendants lack information or belief to respond to the allegations in paragraph 56, and on that basis deny them.

7

57.    The answering defendants lack information or belief to respond to the allegations in paragraph 57, and on that basis deny them.

58.    The answering defendants lack information or belief to respond to the allegations in paragraph 58, and on that basis deny them.

59.    The allegations in paragraph 59 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 59.

60.    The allegations in paragraph 60 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 60.

61.    The allegations in paragraph 61 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 61.

62.    The allegations in paragraph 62 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 62.

63.    The allegations in paragraph 63 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 63.

64.    The answering defendants lack information or belief to respond to the allegations in paragraph 64, and on that basis deny them.

65.    The allegations in paragraph 65 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 65.

66.    The answering defendants deny the allegations in paragraph 66.

67.    The answering defendants lack information or belief to respond to the allegations in paragraph 67, and on that basis deny them.

///

## FOURTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

### (Wrongful Death/Survival)

79. Answering defendants repeat each and every admission and denial in the foregoing paragraphs of this Answer with the same force and effect as if fully set forth herein[2]

80. Answering defendants admit only that Kwiatkowski and Mulligan while working as police officers for the City of Murrieta Police Department and acting within the course and scope of their duties, fired shots at decedent. The allegations in paragraph 80 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the remaining allegations in paragraph 80.

81. The answering defendants lack information or belief to respond to the allegations in paragraph 81, and on that basis deny them.

82. The allegations in paragraph 82 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the remaining allegations in paragraph 82.

83. The allegations in paragraph 83 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants lack information or belief to respond to the allegations in paragraph 83, and on that basis deny them.

84. The answering defendants deny the allegations in paragraph 84.

85. The answering defendants lack information or belief to respond to the allegations in paragraph 85, and on that basis deny them.

///

[2] Plaintiffs' SAC paragraph numbers go from 67 to 79. For formality, the answering defendants' number theirs the same.

9

## FIFTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

**(Wrongful Death/Survival)**

86.    Answering defendants repeat each and every admission and denial in the foregoing paragraphs of this Answer with the same force and effect as if fully set forth herein.

87.    The allegations in paragraph 87 including subparts (a)-(g) contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 87 including subparts (a)-(g).

88.    The allegations in paragraph 88 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants lack information or belief to respond to the allegations in paragraph 88, and on that basis deny them.

89.    The allegations in paragraph 89 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants lack information or belief to respond to the allegations in paragraph 89, and on that basis deny them.

90.    The allegations in paragraph 89 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants lack information or belief to respond to the allegations in paragraph 89, and on that basis deny them.

91.    The answering defendants lack information or belief to respond to the allegations in paragraph 90, and on that basis deny them.

///

///

///

///

10

## SIXTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### (Cal. Govt. Code § 820 and California Common Law)

92. Answering defendants repeat each and every admission and denial in the foregoing paragraphs of this Answer with the same force and effect as if fully set forth herein.

93. The allegations in paragraph 93 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants lack information or belief to respond to the allegations in paragraph 93, and on that basis deny them.

94. The answering defendants lack information or belief to respond to the allegations in paragraph 94, and on that basis deny them.

95. The answering defendants lack information or belief to respond to the allegations in paragraph 95, and on that basis deny them.

96. The allegations in paragraph 96 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 96.

97. The allegations in paragraph 97 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants lack information or belief to respond to the allegations in paragraph 97, and on that basis deny them.

98. The allegations in paragraph 98 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants lack information or belief to respond to the allegations in paragraph 98, and on that basis deny them.

99. The answering defendants lack information or belief to respond to the allegations in paragraph 99, and on that basis deny them.

///

Case No.: 5:25-cv-03433 AH (SKx)

## SEVENTH CLAIM FOR RELIEF

### Violation of Bane Act

### (Cal. Civil Code § 52.1)

100.   Answering defendants repeat each and every admission and denial in the foregoing paragraphs of this Answer with the same force and effect as if fully set forth herein.

101.   The allegations in paragraph 101 contains legal conclusions to which no answer is required.

102.   The allegations in paragraph 101 contains legal conclusions to which no answer is required.

103.   The allegations in paragraph 103 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 103.

104.   The allegations in paragraph 104 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 104.

105.   The allegations in paragraph 105 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 105.

106.   The allegations in paragraph 106 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 106.

107.   The allegations in paragraph 107 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants deny the allegations in paragraph 107.

108.   The answering defendants lack information or belief to respond to the allegations in paragraph 108, and on that basis deny them.

///

Case No.: 5:25-cv-03433 AH (SKx)

109.   The answering defendants lack information or belief to respond to the allegations in paragraph 109, and on that basis deny them.

110.   The allegations in paragraph 110 contains hyperbole and legal conclusions to which no answer is required. To the extent an answer is required, the answering defendants lack information or belief to respond to the allegations in paragraph 110, and on that basis deny them.

111.   The answering defendants deny the allegations in paragraph 111.

112.   The answering defendants lack information or belief to respond to the allegations in paragraph 112, and on that basis deny them.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE:

Plaintiffs' Second Amended Complaint, and every claim alleged in it, fail to state a claim against defendants upon which the Court can grant relief.

### SECOND AFFIRMATIVE DEFENSE:

Plaintiffs' Second Amended Complaint does not rise to the level of a constitutional statutory violation.

### THIRD AFFIRMATIVE DEFENSE:

That at all times alleged, defendants acted in good faith and are entitled to qualified immunity. Defendants' conduct was protected by all applicable statutory and common law immunities, including, but not limited to, all absolute and qualified immunities.

### FOURTH AFFIRMATIVE DEFENSE:

Defendants are entitled to qualified immunity, and official and quasi-judicial immunity. Defendants acted at all times relevant to this lawsuit in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the

13

Constitution and the laws of the United States and State of California. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

## FIFTH AFFIRMATIVE DEFENSE

All actions taken during the incident complained of were taken in response to an emergency situation.

## SIXTH AFFIRMATIVE DEFENSE:

There was reasonable cause to make or attempt to make the detention or arrest, if any, alleged in the Second Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE:

To the extent that defendants or any of their employees or agents used force during the incident alleged in the Second Amended Complaint, it was privileged as reasonably necessary, and was believed to be reasonably necessary, in self-defense or defense of others. Cal. Civ. Code §§ 43, 50; Cal. Penal Code §§ 197, 198.5, 417, 692, 835(a), 836.5(b).

## EIGHTH AFFIRMATIVE DEFENSE:

This action against a public entity is barred by the failure to precede the action with a claim as required by Government Code sections 905.2, 905.7, 911.2, 945.2, and 950.2.

## NINTH AFFIRMATIVE DEFENSE:

Decedent willfully and unlawfully used force and violence upon the defendant officers and provoked the altercation and events alleged in the Second Amended Complaint. The force employed, to prevent the continuance of such conduct was reasonable and not excessive.

## TENTH AFFIRMATIVE DEFENSE:

Defendants did not act with malicious intent to deprive any person of a constitutional right or to cause injury and therefore are not liable.

14

ELEVENTH AFFIRMATIVE DEFENSE:

Defendants' conduct occurred in the proper exercise of the officer's job duties and police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States or State of California, or to do any person any other injury.

TWELFTH AFFIRMATIVE DEFENSE:

Defendants did not deprive plaintiffs or the decedent of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States or laws of the State of California.

THIRTEENTH AFFIRMATIVE DEFNESE:

Plaintiffs' Second Amended Complaint and each of its causes of actions are uncertain.

FOURTEENTH AFFIRMATIVE DEFENSE:

Decedent voluntarily and knowingly assumed each, every and all the risks and hazards involved in the activities alleged in the complaint.

FIFTEENTH AFFIRMATIVE DEFENSE:

Answering defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing withing the meaning of 42 United States Code section 1988.

SIXTEENTH AFFIRMATIVE DEFENSE:

Defendants did not owe a duty of care to plaintiffs and did not have a special relationship to any person alleged in the Second Amended Complaint so as to give rise to any duty running to any person. *Zelig v. County of Los Angeles*, 27 Cal. 4th 111, 1131 (2002).

SEVENTEETH AFFIRMATIVE DEFENSE:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiffs and the decedent, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE:</u>

There is no respondeat superior liability for public entities under 42 U.S.C. section 1983. *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 690 (1978).

<u>NINETEENTH AFFIRMATIVE DEFENSE:</u>

Public entities are not liable for employee torts that occur outside the scope of employment. *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal.4th 925, 932-933 (1998).

<u>TWENTIETH AFFIRMATIVE DEFENSE:</u>

At all relevant times, each defendant acted independently and not in association or concert with or as agent or servant of any other defendant, including any sued herein under fictitious names, or of the employees or agents of other defendants.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE:</u>

The actions or inactions complained of by plaintiffs were proximately caused by the negligence or wrongful conduct of persons and/or entities other than defendants, and that liability, if any, of defendants should therefore either be barred or reduced to the extent of such negligence.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE:</u>

Plaintiffs failed to take reasonable steps to mitigate their injuries, and damages, if any there are. Any recovery by plaintiffs should be reduced by those damages plaintiffs failed to adequately mitigate.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE:</u>

Under California Government Code sections 962, 965 through 965.2, 984 and 985, any judgment entered may be paid by periodic payments rather than in a lump sum and may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to trial.

///

16

Case No.: 5:25-cv-03433 AH (SKx)

TWENTY-FOURTH AFFIRMATIVE DEFENSE:

Plaintiffs are not entitled to attorneys' fees for state or common law claims.

TWENTY-FIFTH AFFIRMATIVE DEFENSE:

Should plaintiffs recover damages, the amount should be abated, apportioned, and reduced to the extent that the negligence or other legal responsibility of any other person or entity caused or contributed to the damages, if any.

TWENTY-SIXTH AFFIRMATIVE DEFENSE:

The Second Amended Complaint and each claim for relief fail to allege facts sufficient to state a cause of action for interest under California Civil Code sections 3287 and 3291.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE:

The Second Amended Complaint and each cause of action therein are barred by statute of limitations of California Code of Civil Procedure section 342 [relating to claims against public entities] and California Government Code sections 945.4 and 945.6.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE:

Because the Second Amended Complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, are reserved.

TWENTY-NINTH AFFIRMATIVE DEFENSE:

Pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

THIRTIETH AFFIRMATIVE DEFENSE:

Answering defendants were at all relevant times acting within the course and scope of duty of public employment.

THIRTY-FIRST AFFIRMATIVE DEFENSE:

The conduct of decedent estops plaintiffs from claiming the damages alleged in the Second Amended Complaint.

THIRTY-SECOND AFFIRMATIVE DEFENSE:

Decedent willingly, voluntarily and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, defendants, whom decedent knew or reasonably should have known to be peace officers, and thereby assumed each, every and all the risks and hazards implicated by the events alleged in the Second Amended Complaint. Such conduct is a reasonable implied assumption of the risk.

THIRTY-THIRD AFFIRMATIVE DEFENSE

Only reasonable force under the circumstances was used in the incident alleged in the complaint. There is no liability pursuant to California Penal Code sections 835 and 835(a) and California Government Code section 815.2 Decedent knew or should have known that a lawful pursuit, stop, or detention was being made by peace officers and had a duty to refrain from obstructing or evading the peace officers and threatening to use or using force to obstruct, evade, or resist the peace officers in the performance of their lawful duties, and was in violation of California Penal Codes section 148, 241, 243, 245, and 843(a).

THIRTY-FOURTH AFFIRMATIVE DEFENSE

Under California Government Code section 845.8, defendants are not liable for plaintiffs' injuries, if any.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

There is no liability in the acts alleged in the complaint because the acts, if any, were done in the execution and enforcement of the law while exercising due care. Cal. Gov't Code §§ 815.2, 820.4.

///

///

18

THIRTY-SIXTH AFFIRMATIVE DEFENSE

The complaint fails to allege sufficient facts to state a claim for punitive damages.

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This action was filed and is maintained without reasonable cause and without a good faith belief that there is a justifiable controversy under the facts and law to warrant the filing of the lawsuit. As the proceeding arises, in part, under the California Government Claims Act, defendants are entitled to recover costs, including reasonable attorney's fees, upon prevailing on summary judgment, judgment for presentation of defense evidence, directed verdict, or nonsuit. Cal. Code Civ. Proc. § 1038.

THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional affirmative defenses based upon future discovery that may arise at a later time.

**PRAYER FOR RELIEF**

WHEREFORE, defendants City of Murrieta, and officers Mark Kwiatkowski, Michael Mulligan, Ronald Smith, and Phillip Stinnett, pray that:

1.    Judgment be rendered in favor of defendants City of Murrieta, and officers Mark Kwiatkowski, Michael Mulligan, Ronald Smith, and Phillip Stinnett and against plaintiffs;

2.    Plaintiffs take nothing by the Second Amended Complaint;

3.    Defendants City of Murrieta, and officers Mark Kwiatkowski, Michael Mulligan, Ronald Smith, and Phillip Stinnett be awarded costs of suit incurred herein; and

4.    Defendants City of Murrieta, and officers Mark Kwiatkowski, Michael Mulligan, Ronald Smith, and Phillip Stinnett be awarded such other and further relief as the Court may deem necessary and proper.

///

19

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, subdivision (b), defendants hereby make a demand for a jury trial on any issue of triable right by a jury.

Dated: April 23, 2026                     Dean Gazzo Roistacher LLP


By: _/s/ Brooke M. Mesner_
    Mitchell D. Dean
    Brooke Mesner
    Attorneys for Defendants
    City of Murrieta, Mark
    Kwiatkowski, Michael Mulligan,
    Ronald Smith, and Phillip Stinnett

20