**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE RAZON-SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; ALDWIN SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; EDLINE SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; GABRIELA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar; and MIYA SALAZAR, individually and as successor-in-interest to Decedent, Edwin Salazar, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MURRIETA; MARK KWIATKOWSKI; MICHAEL MULLIGAN; RONALD SMITH; PHILLIP STINNETT; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 5:25-cv-03433-AH-SK <br><br> *Assigned to: Honorable Anne Hwang* <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date:        June 25, 2026 <br> Time:        9:00 AM <br> Courtroom:   9C |

**1.      Statement of the Case**

   **a.  Plaintiffs' Statement**

This civil rights case arises out of the officer-involved shooting death of Edwin Salazar ("Decedent") on January 29, 2025. On that date, City of Murrieta police officers, including Defendant Officers Mark Kwiatkowski, Michael Mulligan, Ronald Smith, and Phillip Stinnet, responded to a call regarding a domestic disturbance at an apartment unit at or near 36152 Creighton Avenue in the City of Murrieta, California. The call did not come from the residence in question, but from a neighbor unit. The call reported inaccurate information that sounds were coming from the apartment unit in question that sounded as if a male was hitting a female. In reality, there was no violence occurring in the apartment unit in question nor were there any loud arguments occurring between or among the residnets in the apartment unit in question. Instead, the call was a result of a dispute between neighbors regarding excessive noise.

When City of Murietta police officers, including Defendant Officers, arrived at the apartment unit, they loudly knocked on the door but did not announce themselves. The officers, including Defendant Officers, then proceeded to attempt to kick the door in to access the apartment. As they were kicking the apartment door, Plaintiff Anne Razon-Salazar, who was inside the apartment with her husband, Decedent Edwin Salazar and daughter, Plaintiff Miya Salazar, opened the apartment door. She then proceeded to back away from the door while the officers entered the unit. Approximately five seconds after the first officer crossed the threshold of the door, an officer-involved shooting occurred. Plaintiffs Anne Razon-Salazar and Miya Salazar as well as Decedent Edwin Salazar was standing inside the small living room of the apartment unit when the shooting occurred. Several shots struck and killed Decedent.

The plaintiffs are Decedent's wife, Anne Razon-Salazar, and decedent's four children, Aldwin Salazar, Edline Salazar, Gabriela Salazar, and Miya Salazar.

Plaintiffs have brought federal and state law claims stemming from their death of their husband and father.

### b. Defendants' Statement

On January 29, 2025, at approximately 11:45 p.m., City of Murrieta Police Officers responded to a call from someone "downstairs" who reported that they could hear a male hitting a female upstairs. At a later point of time, another report came in that a woman was hiding in a bathroom. The reporting party said he could hear objects banging on the floor, a man hitting a woman, and a man saying "Come out bitch."

Officers responded to the call, and knocked on the front door. As the officers were standing at the door, they heard screams from inside and a sound that may resemble a gunshot. The officers began to kick the door and announced themselves. Immediately after this announcement, the decedent the front door opened and decedent was standing at the front door and pointed a gun at the officers. This altercation resulted in an officer involved shooting and the death of decedent.

### 2. Subject-Matter Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

### 3. Legal Issues

a. Whether Decedent's Fourth Amendment right against excessive force, including the use of deadly force, was violated following the use of force by Defendant Officers;

b. Whether Decedent's Fourth Amendment right against denial of medical care was violated following the use of force by Defendant Officers;

c. Whether Plaintiffs' Fourteenth Amendment right against unlawful interference with familial relations was violated when Defendant Officers used deadly force against Decedent;

d. Whether Defendant Officers committed a battery against Decedent;

e. Whether Defendant Officers were negligent in their conduct toward Decedent and whether any such conduct was a legal cause of Decedent's harm or death;

f. Whether Defendant Officers acted with a reckless disregard for Decedent's constitutional rights when they used force against him;

g. Damages

h. Whether qualified immunity applies to the defendant officers;

i. Whether the facts of the case amount to constitutional and state right violations; and

j. Decedent's comparative fault

**4.    Parties, Evidence, etc.**

**a. Parties and Witnesses**

The parties indentify the following parties and percipient witnesses for the main issues that are currently known or anticipated to be known to the parties: (1) Plaintiffs Anne Razon-Salazar, Aldwin Salazar, Edline Salazar, Gabriela Salazar, and Miya Salazar; (2) Defendants City of Murrieta and Officers Mark Kwiatkowski, Michael Mulligan, Ronald Smith, and Phillip Stinnet; (3) further responding City of Murrieta officers, including but not limited to Officer Calise, Corporal Morse, Officer Stacey, Corporal Datil, Officer Rodriguez, Officer Solorio, Officer Fernandez, Officer Lindsey, Officer Buan, Officer Alexnader, Sergeant Baker, Sergeant Bock, and Officer Allen; and (4) percipient witnesses.

//

**b. Documents**

The parties identify the following documents and recordings that are currently known to the parties: police reports and investigative reports of the incident; video and/or audio recordings of the incident; photographs at the scene of the incident; autopsy report of Decedent; statements made by involved officers and witnesses to the incident; relevant policies, procedures and training of the City of Murrieta Police Department; and documents support damages.

Documents relevant to comparative fault or plaintiffs' damages including any past domestic violence, arrests, drug or psychology rehabilations, and other documents portraying the relationship between decedent and plaintiffs.

**5.   Damages**

Plaintiffs are unable to provide an estimate of damages at this time. A significant portion of the damages sought by Plaintiffs are noneconomic damages.

**6.   Insurance**

Defendants are permissible self-insured with coverage afforded through Public Entity Risk Management Association; a member directed risk sharing pool.

**7.   Motions**

**a. Procedural Motions**

Plaintiffs do not anticipate on filing any procedural motions at this time.

**b. Dispositive Motions**

Plaintiffs do not anticipate on filing any dispostive motions at this time, but reserve the right to do so.

Defendants intend on filing a motion for summary judgment and/or partial summary judgment, including on the basis of qualified immunity.

The parties propose **February 23, 2028** as the Last Day to Hear Motions.

**8.   Manual for Complex Litigation**

The parties agree that this is not a complext case and therefore is not subject to the Manual for Complex Litigation.

**9.      Discovery**

   **a.  Status of Discovery**

   Discovery has yet to commence. The parties have agreed to exchange Initial Disclosures on **June 18, 2026**.

   **b.  Discovery Plan**

   Plaintiffs anticipate on taking the deposition upon oral examination of the involved officers, any additional officers who responded to the scene after the incident, the officers' supervisors, medical personnel, and percipient witnesses. Should the witnesses exceed the allotted 10 depositions per side under Rule 30(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs reserve the right to move for leave to exceed the maximum numberof depositions. Plaintiffs further anticipate on serving written interrogatories, requests for admission, and requests for production of documents on the issues of liability for unreasonable detention and arrest, excessive and unreasonable force, and negligence claims.

   Defendants intend to take the depositions of plaintiffs and fact witnesses who are aware of plaintiffs' relationship with decedent. The defendants may also take the deposition of the team who investigated the OIS and/or any medical personnel. Defendants do not intend to call more than the alloted 10 depositions per side under Rule 30(a)(2). Defendants will serve written discovery pursuant to the FRCP.

   The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

   The parties further do not propose that the Court issue any other orders under Federal Rules of Civil Procedure 16(b), 16(c), or 26(c).

   **c.  Discovery Cutoff**

   The parties propose a Fact Discovery Cut-Off date of **January 14, 2028**. This cut-off date governs the completion of all fact discovery, including the resolution of all discovery motions.

//

**d.  Expert Discovery**

The parties propose an Initial Expert Disclosure date of **January 28, 2028**, a Rebuttal Expert Exchange date of **February 4, 2028**, and an Expert Discovery Cut-Off date of **February 18, 2028**.

**10.    Settlement Conference/Alternative Dispute Resolution ("ADR")**

The parties have not discussed settlement and wish to conduct further discovery before addressing the possibility of settlement. The parties propose a settlement conference deadline of **April 12, 2028**.

The parties elect to proceed with ADR Procedure No. 3.

**11.    Trial**

**a.  Trial Estimate**

The parties anticipate that the trial will take approximately 5-7 court dates. The parties anticipate that trial in this matter will exceed four (4) court days due to the number of involved officers in the use of force incident, the number of responding officers that may have relevant information as to liability or damages, percipient witnesses in the apartment complex that may have witnessed some or all of the incident or may have information pertaining to damages, and the number of plaintiffs in this case.

Plaintiffs expect to call the involved-officers, percipient witnesses, plaintiffs, and plaintiffs' experts. Plaintiffs currently do not know the number of responding officers and percipient witnesses that may have relevant information pertaining to this action and thus cannot give a specific number of witnesses Plaintiffs expect to call at trial. Plaintiffs estimate that Plaintiff will call approximately 10 to 14 witnesses at trial.

Defendants expect to call the involved-officers, perceipient witnesses, medical personnel, and defense experts. At this time, defendants estimate it may call approximately 7-10 witnesses at trial.

JOINT RULE 26(F) REPORT

The parties proposed a Final Pretrial Conference date of **May 17, 2028** and a Trial Date of **June 6, 2028**.

### b. Consent to Trial Before a Magistrate Judge

The parties decline to consent to the designation of a Magistrate Judge to conduct all proceedings under 28 U.S.C. § 636.

### c. Lead Trial Counsel

Plaintiffs: Dale K. Galipo (lead) and Hang D. Le

Defendants: Mitch M. Dean (lead) and Brooke M. Mesner

## 12. Independent Expert or Master

The parties agree that this case does not require the appointment of a master or independent scientific expert.

## 13. Schedule Worksheet

A completed Schedule of Pretrial and Trial Dates form is attached hereto as Exhibit "A."

## 14. Other Issues

The parties do not anticipate any other issues at this time.

//
//
//
//
//
//
//
//
//
//
//
//

JOINT RULE 26(F) REPORT

DATED:  June 11, 2026          LAW OFFICES OF DALE K. GALIPO


                               By_____/s/ Hang D. Le_____
                                   Dale K. Galipo
                                   Hang D. Le
                                   Attorneys for Plaintiffs


DATED:  June 11, 2026          Dean Gaazo Roistacher LLP


                               By_____/s/ Brooke M. Mesner*_____
                                   Mitchell D. Dean
                                   Brooke Mesner
                                   Attorneys for Defendants
                                   City of Murrieta, Mark Kwiatkowski,
                                   Michael Mulligan, Ronald Smith, and
                                   Phillp Stinnett


*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

JOINT RULE 26(F) REPORT